Jones, et al. *v.* Goolsby, et al.

Nov. 23, 1953

No. 38674 44 Adv. S. 24 68 So. 2d 89

848

*Powell & Powell,* Canton; *Barnett, Jones & Montgomery,* Jackson, for appellants.

*D. C. McCool,* Canton, for appellee.

McGehee, C. J.

This is an appeal from a decree of the Chancery Court of Hinds County, which sustained a demurrer filed by the appellees Jack M. Greaves, Administrator of the Estate of "Mrs. Gertrude Pitchford," Deceased, and as Guardian of David Ray Beale, a minor, to a bill of complaint in the nature of a bill of review filed by the appellants Mrs. Mary Howard Pitchford Jones and her two sisters and three brothers, alleging that as the sole heirs-at-law of Hal G. Pitchford, deceased, who died intestate, they are entitled to inherit from the deceased his entire estate consisting of considerable real estate and personal property.

In this bill of complaint in the nature of a bill of review the above mentioned complainants seek to have reviewed and held for naught that certain proceeding wherein Mrs. Gertrude Beale is alleged to have perpetrated a gross fraud upon the jurisdiction of the Chancery Court of Hinds County in obtaining a decree of divorce from her then husband Kline Beale, in Cause No. 39,864 in said county, on January 24, 1950, prior to her pretended marriage to Hal G. Pitchford on September 27, 1950.

The bill of complaint alleges that the said fraudulent decree adversely affects substantial rights of the complainants, as sole heirs-at-law of Hal G. Pitchford, deceased, in that it is being claimed on behalf of David Ray Beale, son of Mrs. Gertrude Beale and Kline Beale, that she survived Hal G. Pitchford as his widow and sole heir-at-law when Kline Beale shot and killed both the said Hal G. Pitchford and "Mrs. Gertrude Pitchford" on October 13, 1950; that if the said fraudulent decree of di-

vorce is not set aside and held for naught, to the extent, and to the extent only, that it adversely affects the rights of the complainants the same will result in defeating their right of inheritance from their deceased brother Hal G. Pitchford, for the reason that if such decree is permitted to stand in its entirety its effect will be to render valid the subsequent marriage between Hal G. Pitchford and Mrs. Gertrude Beale which was celebrated on September 27, 1950, as aforesaid, and she would have to be declared to have been the widow and sole heir-at-law of Hal G. Pitchford at the time of his death; and that upon her death a few moments later, if she did in fact survive Hal G. Pitchford as claimed on behalf of her son David Ray Beale, her said son would be declared to be her sole heir-at-law, and entitled as the only child of her marriage to Kline Beale, to inherit the entire estate of Hal G. Pitchford, deceased.

As to whether or not Kline Beale would be included as an heir of Gertrude Beale with the right to inherit from her, see Section 479, Code 1942, in the light of the decision of this Court in the case of Kline Beale v. State, 213 Miss. 476, 54 So. 2d 921. It will be found that Section 479, Code 1942, supra, provides: "If any person willfully cause or procure the death of another in any way, he shall not inherit the property, real or personal, of such other; but the same shall descend as if the person so causing or procuring the death had never been in being."

Upon the death of Hal G. Pitchford in Madison County, the appellee, Earl Goolsby, was appointed administrator of his estate upon petition of the appellants in the case at bar. In that cause in the Chancery Court of Madison County there was filed a suit against the administrator by Jack M. Greaves, Administrator of the Estate of "Mrs. Gertrude Pitchford," deceased, and also as Guardian of David Ray Beale, then a minor, alleging that "Mrs. Gertrude Pitchford," deceased, had survived Hal G. Pitchford at the time they were shot and killed by Kline

Beale; that she thereupon became the widow and sole heir-at-law of said Pitchford; that upon her death a few minutes later her son David Ray Beale became her sole heir-at-law and entitled to inherit the Pitchford estate; that she had been legally divorced; and they invoked the divorce decree of Hinds County rendered January 24, 1950, in that behalf, and asked for process against the administrator of the Pitchford estate and for the sisters and brothers of the deceased as defendants in said cause. The appellants herein appeared, filed their answer and cross-bill, and set forth the pleadings and the facts in regard to two divorce proceedings filed by Mrs. Gertrude Beale, and alleged that in the second proceeding she committed a fraud upon the jurisdiction of the chancery court of Hinds County and thereby obtained the fraudulent decree of divorce invoked by Jack M. Greaves, Administrator of the Estate of "Mrs. Gertrude Pitchford," deceased, and as Guardian of David Ray Beale, in the suit in the matter of the Estate of Hal G. Pitchford, deceased, in Madison County; and wherein he alleged the survivorship of Gertrude at the time she and Hal were shot to death by Kline Beale.

The proceedings last above mentioned were exhibited to and made a part of the bill filed by the appellants herein in Hinds County in the nature of a bill of review, and they disclose that a plea was sustained by the Chancery Court of Madison County to the answer and cross-bill of defendants and cross-complainants to the suit in said county, and correctly so, upon the authority of Kirby, et al. v. Kent, 172 Miss. 457, 160 So. 569, because their answer and cross-bill constituted a *collateral* attack upon the divorce decree in question, whereas the same was valid on its face. Cf. Sykes v. Sykes, 162 Miss. 487, 139 So. 853.

There was also attached as exhibit to the bill in the nature of a bill of review, a copy of an original bill of complaint filed by Mrs. Gertrude Beale on October 3,

1949, Cause No. 13,933 in the Chancery Court of Madison County, Mississippi, against her husband Kline Beale, and in which county they had resided for approximately twenty years, and wherein she alleged under oath that she was a bona fide resident citizen of Madison County and that Kline Beale was also a resident citizen thereof. The entire proceeding in that cause was filed as an exhibit and it discloses that personal service of process was had on the defendant Kline Beale in Madison County on October 4, 1949; that the cause was returnable to the November term of the court beginning on the second Monday thereof; and that on November 15th, the defendant obtained an order granting him sixty days within which to answer this bill of complaint for divorce.

There was further exhibited to the bill in the nature of a bill of review a divorce proceeding thereafter filed by Mrs. Gertrude Beale on December 10, 1949, in Hinds County, Mississippi, but sworn to ten days prior thereto, wherein she alleged in her bill of complaint that she was a bona fide resident of Hinds County and that the defendant Kline Beale, after diligent search and inquiry, was not to be found in the State of Mississippi, and that his whereabouts, place of abode, post office and street address were unknown to the complainant. And it is shown by the said proceeding that proof of publication was obtained upon the defendant Kline Beale as a non-resident of the State; and that at the hearing of said cause on January 24, 1950, the decree of divorce here in question was granted the complainant as prayed for.

Section 2738, Code of 1942, fixes the jurisdiction of suits for divorce as follows: ''The bill must be filed in the county in which the complainant resides, if the defendant be a non-resident of this state, or be absent, so that process cannot be served; and the manner of making such parties defendants so as to authorize a decree against them in other chancery cases, shall be observed. If the defendant be a resident of this state, the bill shall

be filed in the county in which such defendant resides or may be found at the time, or in the county of the residence of the parties at the time of separation, if the complainant be still a resident of such county when the suit is instituted."

The bill in the nature of a bill of review filed by the appellants in the instant case, after making the two divorce proceedings exhibits thereto, then proceeds to allege that at the time of the filing of this second bill for divorce the complainant therein well knew that the defendant Kline Beale was employed in Madison County by the Smith Engineering and Construction Company, and was at work on the Natchez Trace Highway located in Madison County, almost every day during the months of September, October, November and December, 1949, and that he could be personally served with process again in that county, where she had obtained personal service of process on the first bill for divorce; that by virtue of the said allegations of her second bill of complaint for divorce the said Mrs. Gertrude Beale wilfully and corruptly perpetrated a fraud on the jurisdiction of the Chancery Court of Hinds County in obtaining her decree of divorce on January 24, 1950; that thereafter on September 27, 1950, she entered into the ceremonial marriage with Hal G. Pitchford, and that they thereafter lived together in Madison County until they were killed by Kline Beale on October 13, 1950; and that the said divorce decree of January 24, 1950, was adversely affecting the substantial rights of the complainants in the bill in the nature of a bill of review, in that the same would have the effect of diverting the entire estate of Hal G. Pitchford, deceased, first to Mrs. Gertrude Pitchford or Beale who had fraudulently obtained the decree of divorce from Kline Beale, next to the son of his slayer Kline Beale; and that they are entitled to make a direct attack upon the said fraudulent decree of divorce by their original bill in the nature of a bill of review, to the extent, and

to the extent only, that the same affects their interests and deprives them of the right to inherit the property of their deceased brother Hal G. Pitchford.

The original bill herein did not make Kline Beale a party defendant, and when this fact appeared, or the point was raised, it was stipulated that Kline Beale should be considered as being a defendant to the bill for all purposes, and as having waived the service of process and entered his appearance to the bill in the nature of a bill of review, and as having joined in the demurrer thereto. However, the relief sought by the suit of the complainants in the instant case against the divorce decree is not to disturb the same except to the extent, and to the extent only, that it adversely affects their interests as brothers and sisters and alleged heirs-at-law of Hal G. Pitchford, deceased; such relief is of no concern to Kline Beale except upon the theory that he may desire to see his son, David Ray Beale, inherit the estate of the man whom his father murdered, and upon the remote theory that the father may possibly survive the son as his sole' heir-at-law.

It seems to be well-established by the decisions and the textwriters that when relief is sought against a decree which has been obtained by fraud, the same may be granted under the following circumstances: (1) ▮▮ Any *party* to a decree that has been obtained by fraud may attack it by motion, petition or bill of review, either at the term at which it was rendered or at any subsequent term until the expiration of the period of limitation and may have the decree vacated and set aside for all purposes. (2) ▮▮ One *who is not a party* to the decree but a stranger thereto may not, in a *collateral* proceeding, attack a decree that is valid on its face, even though it has been obtained by fraud, nor may he maintain an ordinary bill of review. Such a stranger's exclusive right and remedy is to attack the fraudulent decree by a bill in the nature of a bill of review. (3) ▮▮ A *stranger* to such a decree

obtained through fraud whose interests are substantially affected by the decree may attack the same and have it set aside, insofar as his interests are affected, by a direct attack upon it by original bill in the nature of a bill of review.

The demurrer to the bill in the nature of a bill of review was sustained by the Chancery Court of Hinds County, evidently upon the theory that the bill of complaint constituted a collateral attack upon the decree of divorce in question, and that the complainants herein were not entitled to challenge the validity of the said decree even by a bill in the nature of a bill of review for the reason that the decree complained of did not affect adversely any substantial right of the complainants as of the time of the rendition thereof.

The case of Kirby, et al. v. Kent, supra, did not involve the question of whether or not a stranger to a divorce proceeding could directly attack the same by a bill in the nature of a bill of review on the ground that the same was obtained by a fraud upon the jurisdiction of the court. The opinion in that case recognized that the proceeding constituted a *collateral* attack, and referred to the attack as such six different times. In that case two of the sisters of S. J. Kent, deceased, who died intestate, petitioned for the appointment of R. L. Kirby as administrator of their brother's estate, and he was so appointed. Thereafter, Mrs. Kent timely petitioned to have the administrator removed and to have herself appointed as administratrix as the widow and sole heir-at-law of S. J. Kent, deceased, she having the first right to such appointment if the allegations of her petition were true. In their answer to this petition the two sisters of Mr. Kent made a collateral attack upon her decree of divorce from her former husband J. H. Kirkpatrick, and which divorce decree was regular and valid on its face.

When the court determined that the attack being made on the divorce decree was a collateral one and was predi-

cated on the ground that the court rendering the decree, valid on its face, was without jurisdiction to do so, and had then held under the authority of Cotton v. Harlan, 124 Miss. 691, 87 So. 152, that when a decree is regular and valid on its face all jurisdictional facts are conclusively presumed to have existed, the language then quoted by this Court in Kirby, et al. v. Kent, supra, from the opinion in Tyler v. Aspinwall, decided in 1901, in 73 Conn. 493, 47 A. 755, 54 L. R. A. 758, as to the right of a stranger to attack a decree of divorce, was unnecessary to the decision of the case then before the Court, for the reason that Kirby, et al. v. Kent, supra, involved only a collateral attack upon a decree valid on its face and could not be sustained anyway under our procedure.

Realizing the force of the decision in the case of Kirby, et al. v. Kent, supra, as to *collateral* attack upon a decree which was valid on its face, and the force of the case of Cotton v. Harlan, hereinbefore referred to, where it was held that: ''Where a judgment of a court of general jurisdiction is attacked collaterally, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there are recitals in the record to show them or not; and this rule applies, although the judgment attacked was rendered by default, on constructive service of process alleged to be defective,'' (quoted in the opinion in that case) the complainants in the present suit thereafter filed this original bill in the nature of a bill of review in the Chancery Court of Hinds County where the alleged fraudulent divorce decree was rendered.

But conceding for the purpose of the decision of the case now before us, that the case of Tyler v. Aspinwall, supra, is an authority to support the contention of the appellees herein, we are of the opinion that its citation by this Court in the case of Kirby, et al. v. Kent, supra, does not render the latter case a precedent for denying to the complainants in the case at bar the right to make

a *direct* attack by a bill in the nature of a bill of review upon a divorce decree obtained by fraud if the effect of the said decree is to affect adversely any substantial rights of the complainants. The fact still remains that Kirby, et al. v. Kent, supra, involves a *collateral* attack made—as pointed out by the Court six times in this opinion—by third parties upon a divorce decree valid upon its face, whereas we have here a *direct* attack by third parties on a divorce decree, valid on its face it is true, and which is alleged to have been obtained by fraud.

There is a vast difference between the available remedies against decrees that may have been obtained by fraud, depending upon who the parties are that desire to attack the decree. Those remedies are set forth under numerals 1, 2, and 3 in Paragraph 12 of this opinion.

To support the proposition stated under (1), there is cited in the appellants' brief Griffith's Chancery Practice, 2d Ed., Section 644, p. 708, and nearly a dozen decisions of this Court. In fact, it seems to be well-established by this text and the decisions cited that a party to the proceedings in which a fraudulent decree has been rendered may attack the same either by motion, petition, or original bill of review, and ▆▆ the difference between a bill of review and a bill in the nature of a bill of review is that the latter may be filed without leave of court, and is not limited to two years as to the time for filing the same. The former usually relates to errors apparent on the record, or for newly discovered evidence, etc., and is filed by a party thereto.

The proposition stated under (2) is supported by the case of Kirby, et al. v. Kent, supra. But we shall not here discuss the authorities cited to support the proposition (1) nor further discuss the case of Kirby, et al. v. Kent, et al., supra, cited to support proposition (2), since we are concerned in this case with proposition (3) alone.

Story's Equity Pleadings, Section 426, p. 400, deals with pleadings impeaching decrees for fraud, and states

among other things that: "A bill of this sort is an original bill in the nature of a bill of review. . . . This kind of bill may be filed without leave of court being first obtained for the purpose, the fraud used in obtaining the decree being the principal point in issue, and being necessary to be established by proof, before the propriety of the decree can be investigated."

In 30 C. J. S., Section 656, p. 1091, it is stated in general that: "A decree may be directly attacked and impeached, on account of extrinsic matters affecting its validity, by a bill which, although sometimes said to be in the nature of a bill of review, is original and independent and free from the restrictions attaching to a bill of review. . . . As such a bill does not seek to review a proceeding for any matter appearing on its face, or for newly discovered evidence, or other ground of a bill of review, it is not in strictness a bill of review, but is said to be in the nature thereof. The distinction between these two classes of bills is somewhat nice, but the distinction exists. . . ."

In the case of Webb, et al. v. Pell, et al. (N. Y.), 3 Paige's Chan. Reps. 368, in footnote No. 1 on p. 370, it is said, among other things, that: "Though the ancient rule may have been that parties and privies only could file bills of review, etc., it is now relaxed, and those who were not parties and who may be affected by decrees, may file such bills. They are then properly termed supplemental bills in the nature of bills of review. (Singleton v. Singleton, 8 B. Mon. Rep. 344; Vide Story's Eq., p. 338, Section 424.)"

The New Jersey Court, in Jones v. Davenport, 46 N. J. E. 237, recognizes the principle that if a stranger to a fraudulent decree seeks to have the same set aside, all he may ask is to have the decree so restrained as to be inoperative with respect to his own interest; that he will not be listened to if he endeavors to modify the decree beyond that limit.

The appellees do not challenge the right of one who is not a party to a court proceeding to challenge a decree on the ground that it was obtained by fraud where such a decree adversely affects the substantial rights of the stranger complaining thereof, but the position of the appellees is that the decree at the time of its rendition must invade or adversely affect the interest or then existing property rights of a stranger thereto, to entitle him to challenge the same for fraud in its procurement.

The appellees strongly rely upon the case of Tyler v. Aspinwall, hereinbefore discussed, as well as the case of Kirby, et al. v. Kent, et al., supra. They also cite numerous other cases and concede that they hold that a stranger to a decree "whose interests are affected by it" may attack the same by a bill in the nature of a bill of review. But they argue that the cited decisions mean that the stranger must have held the rights or interests in the property affected *at the time of the rendition of the fraudulent decree* in order for the decree to affect adversely his rights or his interest in the property involved. It is unnecessary to prolong this opinion further by a discussion of those authorities, since the sole question here involved is whether or not the brothers and sisters of Hal G. Pitchford, deceased, may make a direct attack upon the alleged fraudulent decree here in question at such time as the same is invoked against them to defeat their right to inherit the estate of their deceased brother, as the appellees sought to do in the instant case in the suit filed by them against the appellants in Madison County in the matter of the estate of Hal G. Pitchford.

In response to the brief of the appellees, there is cited by the appellants a decision rendered September 6, 1949, by the Supreme Court of Massachusetts in Old Colony and Trust Company v. Porter, 324 Mass. 581, 88 N. E. 2d 135, 12 A. L. R. 2d 706, wherein the will of Virginia Fildes Simonds was offered for probate, and Charles E. Porter filed objections thereto on the ground that he was the

husband of the testatrix, and that because thereof, the will stood revoked by virtue of a statute of the State of Massachusetts. Thereupon, the Old Colony and Trust Company, as executor and trustee, filed a petition to strike the appearance and objections of Charles E. Porter in opposition to the allowance of the will to probate, on the ground that the marriage between Porter and the testatrix was void for lack of jurisdiction of the court which had divorced him from his former wife Gertrude Porter, and that therefore Porter was not the surviving husband of Virginia Fildes Simonds, and had no interest in her estate and no standing to appear as contestant. It was alleged in the petition of the said executor and trustee that Charles E. Porter and his wife, Gertrude Porter, from whom he had obtained a divorce, were married and lived in the State of New York, but that he left that state and had not lived therein for a period of five years immediately preceding the filing of his suit for divorce against Gertrude Porter; that the court had no jurisdiction to render the decree of divorce; that same was obtained through false and fraudulent representations of Charles E. Porter; that the decree was fraudulent and void; and that this subsequent marriage to Virginia Fildes Simonds was consequently void and that he was not therefore her husband at the time of her death. It was argued in that case that the executor and trustee of the estate of Virginia Fildes Simonds, and the beneficiaries under her will, had no interest in her property at the time of the entry of the divorce decree, and could not therefore contest its validity. The right to attack the divorce decree obtained by Charles E. Porter from his former wife, Gertrude Porter, by the executor and trustee on behalf of the beneficiaries of the estate of his second wife was recognized, even though the petition of the executor and trustee constituted a collateral attack thereon. Nevertheless, the court in its opinion passed

upon the specific question raised by the appellees in the case at bar, and said:

"The argument is made in behalf of Porter that since the Old Colony Trust Company and the beneficiaries under the instrument proffered as the will of Virginia Fildes Simonds had no interest in her property at the time when the Porter divorce was granted, but had only an expectancy which could materialize only in the event of her death without revoking her will, they had no such interest as will now enable them to make a collateral attack upon the decree. But we are not convinced that the argument is sound. The reason why Old Colony Trust Company, as proponent of the will, is entitled to make a collateral attack upon the decree of divorce is not because the persons whose interests it represents were injured in any property rights at the time the decree was entered. It is simply because, if the excluded evidence is true, the decree is void, and they are not bound by it, and they have encountered in this litigation a person (Porter) who is now insisting upon the decree against their present interest. An argument similar to that now urged by Porter was rejected in Tucker v. Fisk, 154 Mass. 574, at pages 576-577. In the case of Adams v. Adams, 154 Mass. 290, hereinbefore discussed, where collateral attack was allowed upon a decree of divorce, the decree, when entered, did not affect the rights of those who were later allowed to attack it. It adversely affected their rights only, as in the case at bar, by reason of a subsequent second marriage. The same is true in many of the cases cited above where collateral attack was allowed. Nowhere in the Restatement: Judgments, in dealing with the right of collateral attack upon a void decree, is there a suggestion that the right depends upon the decree working an injury to the attacker at the time of entry of the decree."

The Supreme Court of Florida in the case of State, ex rel. Willys v. Chillingworth, 124 Fla. 274, 168 So. 249, held

that a testator's daughter, as an heir, could question the validity of testator's marriage to the woman who claimed to be testator's wife at the time of his death. The daughter brought her suit in Palm Beach County and alleged that her father, John N. Willys, who died August 26, 1935, left an estate alleged to be worth several million dollars, a considerable part of which was located in Palm Beach County. The putative wife and widow of John N. Willys had obtained a decree of divorce from her former husband, Harold J. Dolan, in Dade County, Florida, which was alleged by the daughter of John N. Willys to have been fraudulently obtained.

The supreme court held that a writ of prohibition should be granted in favor of the alleged widow against C. E. Chillingworth, circuit judge in and for Palm Beach County, and against the circuit clerk of said court to prevent the prosecution of the suit of the daughter, Virginia Willys De Landa, and held that "In view of the fact that the final decree in Dolan v. Dolan was not appealed from, that courts of chancery have inherent power to correct their decrees, that it was predicated on intrinsic fraud, and is the real gravamen in this litigation, this court has reached the conclusion that the orderly administration of justice would be best served by giving the Circuit Court of Dade County the opportunity to correct its decree if it was fraudulently obtained." In other words, the court recognized the right of the daughter to make a direct attack upon the decree of divorce but held in effect that the suit of the daughter should have been in the Circuit Court of Dade County where the alleged fraudulent divorce decree was rendered in favor of Mrs. Dolan, and where she and John N. Willys were married, instead of Palm Beach County. In its opinion the court said: "Validity of the marriage of John N. Willys to Florence E. Dolan Willys is determined by the validity of the divorce decree in Dolan v. Dolan, which was entered in Dade County October 25, 1933." Thus it will be

seen that at the time of the rendition of the alleged fraudulent decree of divorce in the case of Dolan v. Dolan on October 25, 1933, the daughter of John N. Willys, whom Mrs. Dolan later married, owned no vested interest in her father's estate since he did not die until August 26, 1935.

Numerous authorities are cited on behalf of the appellants which recognize the right of the heirs-at-law of a deceased person to attack the validity of a *foreign* decree of divorce for want of jurisdiction where the decree has been obtained by such person or his putative widow and the latter is claiming an interest in the estate as against such third persons who would be lawful heirs of the deceased except for the fact that such foreign divorce was obtained by fraud on the jurisdiction of the court, but it is unnecessary to cite and discuss those cases here.

The appellees cite the case of Richardson v. Loree, 94 Fed. 375, which recognized the rule to be well settled that ''A stranger to a suit, who, if a judgment therein were given full credit and effect, would be prejudiced in regard to some preëxisting right, is permitted to impeach the judgment,'' but they cite no case, unless it be that of Tyler v. Aspinwall, supra, that holds that strangers to a divorce proceeding may not attack it by a bill in the nature of a bill of review when the decree has been obtained by fraud, and whenever the time comes that the same is invoked to defeat their right of inheritance from the person to whom one of the parties to such divorce decree has subsequently become married in reliance upon such fraudulent decree.

If Mrs. Gertrude Beale had survived the rifleshot wounds inflicted upon her by Kline Beale she would certainly not have been entitled to inherit from Hal G. Pitchford, deceased, his valuable estate in reliance upon the decree of divorce that she is alleged to have fraudulently obtained from Kline Beale and her subsequent marriage of Pitchford in reliance thereon. Her son David Ray Beale could succeed only to such right of inheritance

as his mother may have had at the death of Hal G. Pitchford.

 We have concluded that we should follow the holding of the Massachusetts Supreme Court in the recent case of Old Colony Trust Company v. Porter, supra, and the case of State, ex rel. Willys v. Chillingworth from the Supreme Court of Florida, instead of the case of Tyler v. Aspinwall, supra, when a direct attack on a fraudulent decree of divorce is involved, and where, as in the case at bar, we have no precedent decision of our own court that would deny the right of the appellants to make this direct attack on such decree by a bill in the nature of a bill of review. The decree of the trial court in sustaining the demurrer of the appellees to the bill of complaint in this cause must, therefore, be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

*Lee, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.