459 S.E.2d 401

**Camilla M. BOYLE, Plaintiff Below, Appellee,**

**and**

**Charles E. Bradley, Applicant for Intervention Below, Appellant,**

v.

**Robert E. BOYLE, Defendant Below, Appellee.**

No. 22564.

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1995.

Decided June 16, 1995.

Herbert B. Conner, Dickie, McCamey & Chilcote, Pittsburgh, Pennsylvania and Ray B. Byrd, Schrader, Recht, Byrd, Companion & Gurley, Wheeling, WV, for appellant Charles E. Bradley.

Michael J. Farrell, Charlotte A. Hoffman, Jenkins, Fenstermaker, Krieger, Kayes, Farrell & Agee, Huntington, WV and Charles J. Kaiser, Jr., Ronald M. Musser, Phillips, Gardill, Kaiser & Altmeyer, Wheeling, WV for appellee Robert E. Boyle.

Grant Crandall, James M. Haviland, Crandall, Pyles & Haviland, Charleston, WV, for amicus Ormet Corp.

Robert P. Fitzsimmons, Fitzsimmons Law Offices, Wheeling, WV and Jolyon W. McCamic, McCamic & McCamic, Wheeling, WV for appellee Camilla M. Boyle.

FOX, Judge: [1]

This appeal from the Circuit Court of Ohio County, West Virginia, brings before this Court for the first time the issue of whether a third party may intervene in a divorce proceeding.

Pursuant to Rule 24(a)(2) of the West Virginia Rules of Civil Procedure,[2] the appellant, Charles E. Bradley, made application to the circuit court seeking permission to intervene in the divorce proceeding of Robert E. Boyle and Camilla M. Boyle. The circuit court denied the appellant's application.

Camilla Boyle and Robert Boyle commenced divorce proceedings on 5 November 1987. In that action, Camilla Boyle sought, *inter alia,* equitable distribution of the marital assets, including Robert Boyle's shares of Oralco, Inc. (Oralco), which had been ac-

---

1. Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

2. Rule 24(a)(2) of the West Virginia Rules of Civil Procedure states:

(a) Intervention of right.—Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

quired during the marriage. On 15 December 1992, the circuit court awarded her approximately twelve percent, or 29,273 shares, of Oralco stock. Camilla Boyle appealed to this Court, requesting one-half of the 241,935 shares of issued and outstanding stock owned by Mr. Boyle.

On 17 December 1992, prior to this Court issuing its opinion, Camilla Boyle entered into an option agreement with Charles Bradley. The agreement gave Charles Bradley the right to purchase any and all shares of Oralco stock Camilla Boyle might receive as a result of the divorce proceeding. Mr. Bradley owned a large number of Oralco shares and sought additional shares for the purpose of gaining a majority interest in Oralco, and control of the company. The agreement states:

> ... [T]he Optionor [Mrs. Boyle] may acquire shares of the Common Stock of the Company owned by her husband R. Emmett Boyle pursuant to a final court order relating to the dissolution of their marriage....
>
> [T]he Optionor hereby irrevocably gives and grants to the Optionee [Mr. Bradley] the exclusive right and option (the "Option") to purchase all right, title and interest to the Shares, and any distributions and dividends therefrom....

On 18 February 1994, this Court issued its opinion in Camilla Boyle's appeal. This Court reversed the circuit court, stating "... the circuit court abused its discretion by failing to award the appellant one-half of the marital stock. Under the circumstances, we find that it is only fair that the appellant receive her statutory share or one-half of the marital stock equalling 120,967.5 shares of stock." *Boyle v. Boyle*, 190 W.Va. 655, 661, 441 S.E.2d 376, 382 (1994) (hereinafter *Boyle I*).

Upon the resumption of the proceedings in the circuit court, Charles Bradley moved on 24 March 1994 to intervene in the divorce proceedings pursuant to W.Va.R.Civ.P. 24(a). He asked the circuit court to allow him to intervene to protect his rights under the option agreement. The circuit court heard arguments of counsel and reviewed the per curiam opinion previously issued by this Court in *Boyle I*.

On 31 March 1994, the circuit court entered its "Findings and Divorce Decree." It noted therein the existence of an "Exchange Agreement," dated 19 February 1993, between Mr. Boyle and Elmwood Acquisition Corporation II (EAC II), wherein Mr. Boyle had exchanged his Oralco shares of stock for a like number of shares of EAC II stock. Further, the circuit court noted that Mr. Boyle and Ms. Boyle entered into a "Stipulation as to Marital Stock" on the same date (19 February 1993), providing that if the original divorce order was reversed (as happened subsequently in *Boyle I*), the marital stock "would consist of the Transferred Shares and the EAC II Shares." As a result of these two agreements, the circuit court concluded that Mr. Boyle held no Oralco shares of stock and that no fraud had been perpetrated upon Ms. Boyle. It further concluded that the mandate of this Court as set forth in *Boyle I*, i.e., that Ms. Boyle "receive her statutory share or one-half of the marital stock," could best be achieved by awarding her one-half of all the EAC II shares held by Mr. Boyle, with the understanding that said shares would then be immediately purchased from her by Oralco for $14,400,000.00, a sum which she testified represented the fair value of her interest. This was so ordered.

In a separate order, also dated 31 March 1994, the circuit court denied the appellant's motion to intervene. In support of this ruling, the circuit court opined, generally, that the intervenor's interests were adequately protected by existing parties, specifically Ms. Boyle; that the privacy interests in divorce proceedings must be weighed against rights or potential rights of others; that the intervenor possessed only a future interest or right, contingent at best; that the intervenor's rights were remote and would unnecessarily complicate the pending matter; and that the intervenor had other adequate legal remedies available to obtain the relief sought by intervention.

The appellant argues the circuit court did not carry out this Court's mandate regarding equitable distribution as outlined in *Boyle I* and, as a result, he has been de-

prived of his contractual right to obtain Ms. Boyle's stock under the option agreement. We find no merit in this contention. To the contrary, we believe the circuit court, through the utilization of both imagination and common sense, was able to draw a fair and just result from a very complex and convoluted financial morass.[3] Further, said result was certainly in substantial compliance with the mandate of *Boyle I,* inasmuch as it provided Ms. Boyle with the equivalent of the one-half of the marital stock which she sought. Of course, it is not insignificant that Ms. Boyle, the recipient of the *Boyle I* mandate, was satisfied with the disposition framed by the circuit court, to the extent that she is participating in opposition to the appeal herein. Accordingly, we find the circuit court did not err in its ruling with regard to equitable distribution.

 Next, we turn our attention to the denial of the appellant's motion to intervene in this divorce proceeding. Rule 24 of the West Virginia Rules of Civil Procedure (Rule 24) does not preclude third party intervention in divorce proceedings. In the introductory sentence to section (a) *Intervention of right,* the rule simply states, "Upon timely application anyone shall be permitted to intervene in an action[.]" The rule continues, and in subsection (a)(2) qualifies the right of intervention by stating intervention shall be permitted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Thus, the rule establishes a qualified right of intervention. In divorce proceedings, we believe the right of intervention is further qualified by the privacy interests of the divorcing parties. A third party seeking intervention in a divorce proceeding for the purpose of protecting a property interest assumes the burden of demonstrating an interest which will outweigh the substantial privacy interests of the divorcing parties. Accordingly, when considering a motion for intervention in divorce proceedings pursuant to W.Va.R.Civ.P. 24, a circuit court must balance the substantial privacy interests of the divorcing parties against considerations relating to the interest asserted by the potential intervenor. The circuit court did so herein.

 In this case, two additional considerations argue against intervention by the appellant: (1) the inchoate nature of the appellant's interest; and (2) the availability to the appellant of other adequate legal remedies to protect his interest.

As previously stated, the option agreement between Camilla M. Boyle and Charles E. Bradley granted Bradley the right to purchase any and all shares of Oralco stock Ms. Boyle might receive as a distribution of marital property in the divorce proceedings. Thus, by the agreement's terms, the appellant's option rights hinged on the contingency of Ms. Boyle receiving Oralco stock as a result of the divorce proceedings. When all was said and done and the final order entered in the divorce, Ms. Boyle received no Oralco stock.[4] She received EAC II stock

---

3. Suffice it to say, our brief recitation of the circuit court's ruling with regard to this issue does not do it justice.

4. To provide clarification for the reader, we offer the following brief summary of events as they occurred in this case.

Divorce proceedings between Ms. Boyle and Mr. Boyle were initiated in Ohio County on 5 November 1987. In that action, Ms. Boyle sought equitable distribution of the marital assets, including the Oralco, Inc., shares which had been acquired during the marriage. On 15 December 1992, the circuit court entered its Memorandum of Opinion, which, *inter alia,* granted the parties a divorce and awarded Ms. Boyle twelve percent of the issued and outstanding Oralco stock. Ms. Boyle appealed that decision to this Court.

On 17 December 1992, Ms. Boyle entered into the option agreement with Mr. Bradley. On 18 February 1994, this Court filed its opinion, which reversed the prior circuit court order and held, in relevant part, Ms. Boyle should receive one-half of the marital stock from Mr. Boyle. On 21 March 1994, the opinion became final, and this Court filed its mandate, which "set aside, reversed and annulled" the prior circuit court order.

On 22 March 1994, Ms. Boyle applied to the circuit court for an order directing the secretary of Oralco to transfer 91,694.5 shares of Oralco stock to her. Mr. Boyle opposed the application on the ground that, pursuant to the stipulation,

because Mr. Boyle had converted his Oralco stock to EAC II stock. Therefore, by reason of the stock conversion, the option agreement contingency never occurred. At the time of his intervention motion, the appellant obviously had no present interest he could protect by intervening in the divorce proceedings. Had intervention been granted, the circuit court would have been powerless to fashion a remedy amounting to specific performance of the option agreement, because the necessary *res*, the Oralco stock, was no longer possessed by Mr. Boyle.

■ Finally, when considering a motion for intervention in divorce proceedings pursuant to W.Va.R.Civ.P. 24, the trial court may consider the adequacy of other remedies available to the applicant. In this regard, the record reflects two pending federal court actions concerning the option agreement at issue here. In one action initiated by Camilla Boyle in the Circuit Court of Ohio County and subsequently removed by the appellant to the Federal District Court for the Northern District of West Virginia, Camilla Boyle seeks a declaratory judgment that she has not breached the option agreement. The other suit, also in the Federal District Court for the Northern District of West Virginia, is an action for breach of contract initiated by the appellant. In this action, the appellant seeks a recision of the transfer of the EAC II shares to Camilla Boyle. He has also requested the court to enter an order transferring to Camilla Boyle 120,975.5 shares of Oralco stock, a number of shares equal to one-half the Oralco shares possessed by Mr. Boyle prior to Ms. Boyle's first award of 29,273 shares and the EAC II stock conversion. We find the appellant has ample and adequate means to protect his rights under the option agreement in the pending federal cases.

■ The paramount goal in any divorce proceeding is a just and equitable resolution of the interests and rights of the divorcing spouses. The asserted interests of third parties in marital property are best resolved in legal actions separate and apart from divorce proceedings. Here the circuit court acknowledged the privacy interests inherent in divorce proceedings; determined that the intervenor's interest was contingent, at best; and concluded that other adequate remedies were available to the intervenor. Thereafter, it appropriately and properly denied the motion to intervene and tended to its primary responsibility, concluding the divorce in a manner equitable as to the divorcing parties. We find no error.

The appellant and the appellees raise and discuss numerous other issues arising from the tangled factual and legal web spun by these long lived proceedings. Some of these additional issues are immaterial, and none of the issues are necessary to a correct and appropriate disposition of this proceeding. For these reasons, we decline to address them.

We affirm the final order of the circuit court.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

MILLER, J. (Retired), sitting by temporary assignment, deeming himself disqualified did not participate in the consideration or decision of this case.

FOX and BERGER, Judges, sitting by temporary assignment.

---

the marital stock was EAC II stock, not Oralco stock. The next day the judge held a hearing on the application.

On 24 March 1994, Mr. Bradley moved to intervene in the divorce proceedings. This motion was denied in the circuit court's 31 March 1994 order.

On 31 March 1994, the circuit court, in its Findings and Divorce Decree, awarded Camilla Boyle 120,967.5 EAC II shares. Oralco was thereafter permitted to buy these shares for $14,400,000.00.