# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CA-00750-SCT

*CAROLYN J. COHEN*

*v.*

*SUZETTE COHEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/1998 |
| TRIAL JUDGE: | HON. WILLIAM L. STEWART |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MARK B. STRICKLAND |
| ATTORNEY FOR APPELLEE: | WALTER W. TEEL |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED-09/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/07/99 |

### EN BANC.

### SMITH, JUSTICE, FOR THE COURT:

¶1. This case comes to this Court on appeal of Carolyn Cohen from an adverse ruling of the First Judicial District of Harrison County Chancery Court. Carolyn is the purported second wife of Edward R. Cohen. They married in 1996 after Edward received what he thought was a valid divorce from his first wife, Suzette Cohen. After Edward remarried, Suzette filed a motion to set aside the judgment of divorce. Claiming that any effort to invalidate Edward's divorce from his first wife would affect her marital status and her property interests, Carolyn filed a motion to intervene in the divorce proceedings between Edward and Suzette. The Chancellor denied the motion to intervene. Carolyn appeals to this Court and assigns as error the Chancellor's refusal to grant her leave to intervene.

¶2. The general rule prohibits intervention by third parties in divorce cases. *Hulett v. Hulett*, 119 So. 581 (Miss. 1929), however, rare exceptions which are distinguished do exist.

¶3. After thorough review of this unusual, fact driven case, we find that the chancellor erred in denying intervention by Carolyn. Carolyn has a "direct, substantial, legally protectable interest in the proceedings," as required by *Perry County v. Ferguson*, 618 So. 2d at 1272 (*quoting League of United Latin Amer. Citizen v. Clements*, 884 F. 2d 185, 187 (5th Cir. 1989)). Also, applying the four-part test in *Guaranty National Ins. Co. v. Pittman*, 501 So. 2d 377, 381 (Miss. 1987), we find that when "common sense and practicality" is applied, Carolyn has a valid interest in this divorce proceeding and

should be allowed to intervene. Additionally, we find this case to be somewhat similar, yet distinguishable, to another rare fact driven case, ***Jones v. Goolsby***, 218 Miss. 847, 68 So. 2d 89 (1953). There, this Court allowed siblings to protect inheritance rights in attacking a divorce decree entered by fraud upon the court, by original bill in the nature of a bill of review. In allowing intervention in the case *sub judice*, we adopt and apply the reasoning of ***Boyle v. Boyle,*** 459 So. 2d 401, 404 (W. Va. 1995), ***In re Marriage of Perkinson,***, 498 N.E. 2d 319, 322 (Ill. App. 1986), ***Harris v. Harris***, 36 N.W. 849 (Neb. 1949), and ***Arnold v. Arnold***, 332 N.W. 2d 672 (Neb. 1983). In our view, Carolyn has demonstrated an interest which outweighs any substantial privacy interests of the parties, Suzette and Edward, who apparently believed that they were previously legally divorced, but in fact, were not. The general rule of prohibition of intervention by third parties in divorce cases as established in ***Hulett*** remains valid in most cases. The case at bar is a rare exception, therefore, we hold that Carolyn is allowed to intervene.

## STATEMENT OF FACTS

¶4. Edward and Suzette Cohen were married on April 26, 1981. In 1994, Suzette filed for divorce and Edward filed a counterclaim. The parties eventually agreed to a divorce on the grounds of irreconcilable differences and announced to the Chancellor that they had reached a property and child custody agreement. The attorneys dictated the terms of the agreement into the court record, but never produced a writing signed by both parties. The Chancellor signed a judgment of divorce on December 21, 1995, in which he granted Edward and Suzette a divorce on the grounds of irreconcilable differences. The judgment incorporated a copy of the transcript from the hearing in which the settlement was announced, but did not include a written settlement agreement signed by the parties.

¶5. On August 7, 1996, Edward married Carolyn Cohen. The two purchased a home together, and apparently are involved in a business relationship as well.

¶6. In March of 1996, Edward filed a motion for contempt in which he claimed that Suzette had refused to abide by the agreed settlement. Suzette filed a motion to set aside the divorce judgment on August 14, 1997. She claimed that the divorce decree was void because there was no written property settlement agreement signed by the parties as is required by law.

¶7. On November 6, 1997, Carolyn filed a motion to intervene in the ongoing proceedings between Suzette and Edward. Carolyn claimed that she was entitled to intervene pursuant to Miss. Rule of Civ. Proc. 24 because she had interests in the matter that could be adversely affected. Citing the absence of any authority for allowing a third party to intervene in a divorce action, the Chancellor denied Carolyn's motion to intervene.

## DISCUSSION OF THE LAW

¶8. The denial of a Rule 24 motion to intervene is an appealable final order. ***Guaranty Nat'l Ins. Co. v. Pittman,*** 501 So. 2d 377, 380 (Miss. 1987). The standard of review of a chancellor's denial of a motion to intervene is abuse of discretion. ***Perry County v. Ferguson,*** 618 So. 2d 1270, 1271-72 (Miss. 1993).

¶9. The Chancellor noted that Carolyn had presented no authority for allowing a third party to intervene in a divorce matter. On appeal, Carolyn argues that she is entitled to intervene under Rule 24(a) which provides:

(a) **Intervention of Right.** Upon timely application, anyone shall be permitted to intervene in an action:

* * *

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

¶10. From Rule 24, this Court has fashioned a four-part test for allowing an intervenor to participate in a legal action: (1) he must make timely application, (2) he must have an interest in the subject matter of the action, (3) he must be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest, and (4) his interest must not already be adequately be represented by existing parties. *Perry County v. Ferguson,* 618 So. 2d at 1271; *Guaranty Nat'l Ins. Co. v. Pittman,* 501 So. 2d at 381.

¶11. Carolyn claims that she has an interest in this matter because she is now married to Edward and her marital situation would be affected by the Chancellor's order declaring the judgment of divorce between Edward and Suzette to be void. She also claims that her economic interests could also be affected in the underlying matter. She and Edward own a house and other real property together. Additionally, she claims an interest in his business. Carolyn has since separated from Edward, but is interested in preserving her marriage.

¶12. First, an economic interest alone in the litigation is insufficient to allow intervention under Rule 24. *Perry County v. Ferguson,* 618 So.2d at 1272 (*citing New Orleans Public Service v. United Gas Pipe Line,* 732 F.2d 452, 466 (5th Cir.1984)). Thus, if Carolyn's claim for intervention was based solely on her property and monetary concerns, it necessarily fails when applying this lone factor.

¶13. Carolyn also asserts that she has an interest in the divorce proceedings because of her claimed marriage relationship with Edward. In order to intervene, a party must assert a "direct, substantial, legally protectable interest in the proceedings." *Perry County v. Ferguson,* 618 So.2d at 1272 (*quoting League of United Latin Amer. Citizens v. Clements,* 884 F.2d 185, 187 (5th Cir.1989)).

¶14. The Court has long held that it is not permissible for a person "not a party to the suit, to intervene in a divorce suit." *Hulett v. Hulett*, 152 Miss. 476, 119 So. 581, 585 (1929). Additionally, the Court in *Hulett* held that "only the parties to the suit are concerned with the issues, and . . . in the absence of a statute permitting such intervention, the same is not permissible." *Id.* "Divorce actions are for the exclusive use of the parties to the divorce itself. Third party intervention is not to be allowed." N. Shelton Hand, Jr., *Mississippi Divorce, Alimony, and Child Custody*. § 7.1 at 169 (5th edition, 1998).

¶15. However, in *Jones v. Goolsby*, 218 Miss. 847, 68 So. 2d 89 (1953), where a putative widow had obtained a divorce decree by fraud upon the court prior to marrying decedent. This Court was presented the issue of whether siblings of the deceased could seek to declare the divorce invalid by original bill in the nature of a bill of review. The trial court ruled that the siblings could not attack the validity of the prior decree. This Court held that:

One *who is not a party* to the decree but a stranger thereto may not, in a *collateral* proceeding attack a decree that is valid on its face, even though it has been obtained by fraud, nor may he maintain an ordinary bill of review. Such a stranger's exclusive right and remedy is to attack the

> fraudulent decree by a bill in the nature of a bill of review. A *stranger* to such a decree obtained
> through fraud whose interests are substantially affected by the decree may attack the same and have it
> set aside, insofar as his interests are affected, by a direct attack upon it by original bill in the nature of
> a bill of review.

*Jones,* 68 So. 2d at 93. We note that *Jones*, appears to be somewhat similar to the case at bar, in that, although it was not a case where the third parties sought the right of "intervention," rather, it was an attack by third parties by original bill in the nature of a bill of review upon the validity of a divorce decree which was entered by fraud upon the jurisdiction of the court. The *Jones* Court did not even use the word intervention. Nor did the Court mention *Hulett* in its analysis of the law. This Court, departed from the general rule by another mechanism and allowed the third party siblings the right to challenge the validity of the decree by original bill in the nature of a bill of review, in order to protect their alleged inheritance rights. Even though distinguishable, we note that *Jones* was also a rare, unusual, fact driven case, as is the case at bar.

¶16. Considering *Jones*' departure from the general rule, and the unusual facts presented by the case at bar, in our view, a revisit of *Hulett* is warranted. This Court has established a four-part test in allowing an intervenor to participate in a legal action: (1) he must make timely application, (2) he must have an interest in the subject matter of the action, (3) he must be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest, and (4) his interest must not already be adequately represented by existing parties. *Guaranty National Insurance Co. v. Pittman*, 501 So.2d 377 (Miss. 1987).

¶17. Counsel for Appellee, Suzette Cohen, argues that Appellant's interest, if any, "is already represented by Dr. Cohen whose own interest is aligned with the Intervenor." That is not necessarily so. However, Carolyn Cohen pointed out in her brief, that subsequent to the hearing in the lower court, she and Edward R. Cohen have also formally separated as husband and wife derivative of domestic violence charges exhibited against Edward R. Cohen. They may not have been of the same mind even prior to separation. For these reasons, Carolyn Cohen asserts that her interests can not adequately be represented by Edward Cohen.

¶18. *Guaranty National* also called for a common sense interpretation of <u>Rule 24.</u> In *Guaranty*, this Court held that an interest in the rights that are at issue in the litigation is all that is necessary to satisfy the rule. We stated, in pertinent part, that "the wording of Rule 24, in our view, calls for an interpretation based upon common sense and practicality. Legalistic formalism and mechanical jurisprudence simply do not fit the language or philosophy of the rule." *Guaranty National*, 501 So.2d 377 at 384.

¶19. Based on the *Guaranty National* holding, Carolyn Cohen filed a motion to intervene. Applying the holding of "common sense and practicality," Carolyn Cohen has a valid interest in this divorce proceeding. She is married to the defendant and has an interest in the property which is subject to the divorce action. Secondly, her interests are not being protected by Dr. Edward Cohen, in that they have now formally separated due to domestic violence charges. brought by Carolyn.

¶20. The Appellant has adequately satisfied the requirements contemplated in Rule 24 of the Mississippi Rules of Civil Procedure. Also, based on *Guaranty National*, this Court now makes a common sense determination in regards to the interpretation of Rule 24. *Guaranty National*, 501 So.2d 377 at 384.

¶21. Although this Court denied intervention in regards to divorce proceedings in **Hulett**, the circumstances of the case sub judice are easily distinguishable and more akin to **Jones**. In **Hulett**, the defendant, Mrs. Hulett, had been accused of having extramarital affairs with numerous men. The men that were accused of committing adultery with Mrs. Hulett requested leave to intervene in the suit and file answers denying the allegations. The lower court granted this request, and this Court found this to be error. The Court held that "it is not permissible for a person named as co-respondent, and not a party to the suit, to intervene in a divorce suit for such purpose. The general rule appears to be that only the parties to the suit are concerned with the issues, and that, in the absence of a statute permitting such intervention, the same is not permissible."*Id.* at 585.

¶22. In **Hulett,** the men accused of adultery had no real interests in the divorce proceeding. There, the purpose for intervention was merely for them to deny the allegations and basically clear their good names. On the other hand, the case at bar is factually different and clearly distinguishable. Carolyn Cohen married Edward Cohen without any knowledge that his first divorce to Suzette Cohen was invalid. Now, Carolyn and Edward have started a business together and have acquired marital property together. The outcome of Edward's divorce from Suzette could possibly affect Carolyn and certain property rights which she might have to litigate. In order to protect her interests in this matter, Carolyn Cohen's motion should be granted. Under the unusual and unique circumstances of this case, Carolyn should be allowed leave to intervene because there is clearly a need for her interests to be protected. Allowing Carolyn Cohen to intervene will also be consistent with Rule 24 and with the **Guaranty National** decision.

¶23. Looking to other jurisdictions for guidance, we find that a majority of them seem to allow intervention in divorce actions. The West Virginia Supreme Court of Appeals, for example, concluded that a third person is not precluded from intervention in a divorce proceeding. **Boyle v. Boyle**, 459 So. 2d 401, 404 (W. Va. 1995). That court found that a third party seeking intervention in a divorce for the purpose of protecting an interest assumes the burden of demonstrating an interest which will outweigh the substantial privacy interests of the divorcing parties. **Id.**

¶24. When faced with a similar issue, an Illinois court held that intervention is allowed in instances where the intervenor may stand to gain or lose by the direct legal operation and effect of a judgment, and that one who intervenes must have an "enforceable or recognizable right" in the subject matter of the proceedings. **In re Marriage of Perkinson**, 498 N.E. 2d 319, 322 (Ill. App. 1986). The Nebraska Supreme Court has also held that intervention in a divorce action is proper when necessary to secure justice or to protect rights. **Harris v. Harris**, 36 N.W. 849 (Neb. 1949); **Arnold v. Arnold**, 332 N.W. 2d 672 (Neb. 1983).

¶25. Today, as it pertains solely to the facts of this case, we apply the view of our sister states and adopt the reasoning of **Boyle, In re Marriage of Perkinson, Harris,** and **Arnold** in allowing intervention by Carolyn. We find that Carolyn has met her burden and demonstrated an interest which outweighs any substantial privacy interest of Edward and Suzette. We further find that allowing Carolyn to intervene is necessary under these unusual facts to secure justice and to protect her property and marital rights. We also apply the four-part test of **Guaranty National** and apply the "common sense and practicality" holding to the case at bar. Accordingly, we hold that Carolyn is entitled to intervene in this rather unusual, rare, fact driven case.

¶26. In so holding however, we note generally that there would seldom be factual situations which would warrant intervention by a third party in a divorce proceeding. Accordingly, the bench and bar are reminded

and, indeed are cautioned that this is a very narrowly written opinion based strictly upon a specific set of rare, unusual facts. This Court's opinion should not be construed to routinely allow third party interventions. *Hulett* remains valid law as it relates to most attempts at intervention in divorce proceedings by third parties.

## CONCLUSION

¶27. Carolyn's interest in preserving her marriage and protecting her property and martial rights is sufficient to permit her to intervene in this action to set aside a divorce decree. She has acted in reliance upon that former decree which allowed Edward a divorce from Suzette prior to his marriage to Carolyn, and she clearly has an interest in preserving that decree. Additionally, the privacy rights of Edward and Suzette are outweighed and applying "common sense," justice demands intervention by Carolyn. Carolyn's interest is independent of the interest of Edward in preserving that former divorce decree. For the reasons cited above, we reverse the court's denial of her motion and we allow intervention by Carolyn. We remand to the lower court for proceedings consistent with this opinion.

¶28. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**