KING, P.J., for the Court:
¶ 1. Dr. Richard Colson intervened in an action to establish paternity brought by William David Hemingway. This paternity action was brought prior to an anticipated wrongful death action by Johnson against Colson based upon alleged negligent medical treatment leading to the deaths of Hemingway’s girlfriend and their baby, Shane David Johnson. Ultimately, the chancery court denied a motion by Colson to dismiss this action and ruled both that Johnson was Hemingway’s child and that Hemingway was Johnson’s heir. Colson appeals asserting two issues:
I. WHETHER HEMINGWAY
FAILED TO COMPLY WITH THE STATUTORY REQUIREMENTS OF MISS. CODE ANN. § § 91-1-15, 91-1-27 AND 91-1-29 AND
II. WHETHER THE CHANCERY COURT ERRONEOUSLY HELD THAT HEMINGWAY IS ENTITLED TO BE THE SOLE HEIR OF SHANE DAVID JOHNSON, DECEASED.
We find that neither assertion has merit and affirm the chancery court.
STATEMENT OF THE CASE
¶ 2. Shane was born on January 7, 1994 and died the following day, predeceased by his mother, Melissa Johnson who died after giving birth. Colson provided medical care to mother and baby. Hemingway filed the present action styled as motion to adjudicate paternity and establish heirship on December 28,1994. However, he failed to serve summons upon all known or unknown heirs of Shane. On January 5, 1996, Hemingway brought a wrongful death action against Colson. On November 10, 1998, Colson filed a motion to *166 intervene in the heirship action. Colson’s asserted interest was that if Hemingway was not Shane’s heir, he would be forced to defend against a baseless wrongful death action. Prior to any ruling on the motion to intervene, on November 13, 1998, Hemingway filed a petition to establish heirs at law to which all known heirs of Shane waived service of process, and all unknown heirs were served by publication. Hemingway then filed a motion requesting the chancery court consolidate the petition to establish heirs at law with the previously filed motion to adjudicate paternity and establish heirship On December 8, 1998, the chancery court entered an order that granted both Colson’s motion to intervene and Hemingway’s motion for consolidation. Ultimately, and leading to this appeal, the chancery court held as a matter of law that Colson lacked standing to demand that all known heirs be made parties to the action to determine heirs. The chancery court additionally found as fact that Hemingway was Shane’s father.
DISPOSITION OF CASE
¶ 3. Finding that Colson lacked standing to intervene in the paternity or heirship action, this Court finds it unnecessary to address his specifically assigned errors.
¶ 4. Intervention is governed by Rule 24, M.R.C.P.,[1] which recognizes intervention of right and permissive intervention.
¶ 5. Intervention of right is available only if (1) it is unconditionally authorized by statute, or (2) if the potential intervenor has an interest in the subject of the action, and that action would of necessity impair his ability to protect his interest. Colson has no statutory right to intervene in this case, nor do the facts suggest an impairment of any interest of his should intervention be denied.
¶ 6. His claim to intervention must therefore be permissive. Permissive intervention is available where (1) there is a conditional statutory right, or (2) where the potential intervenor and the main action have a question of law or fact in common.
¶ 7. Colson had no conditional statutory right to intervene, nor does his claim have a question of fact or law in common with the paternity action or heirship determination.
¶ 8. A medical malpractice action had been filed against Colson alleging that his negligence caused the death of Shane Johnson and his mother. Colson was entitled to defend that action. However, there is no suggestion that Colson’s defense to the claim of negligence would be in anyway impacted by the paternity or heirship action. If Colson was negligent, his liability existed independent of the paternity or heirship action. Likewise his substantive defenses to the medical malpractice action existed independent of, and would not be impacted by, the paternity or heirship actions.
*167 ¶ 9. Colson has given his reason for intervention as a desire to avoid the cost of defending an action filed by the wrong party. The existence of an economic interest, without more, is insufficient to allow Rule 24 intervention. Cohen v. Cohen, 748 So.2d 91 (¶ 12) (Miss.1999).
¶ 10. Finding that Colson was improperly allowed to intervene, this Court affirms the action of the trial court.
¶11. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.

. (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:
(1) when a statute confers an unconditional right to intervene; or
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action:
(1) when a statute confers a conditional right to intervene; or
(2) when an applicant’s claim or defense and the main action have question of law or fact in common.
When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency, or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.