KITCHENS, Justice,
dissenting:
¶ 13. I must respectfully dissent. While I agree with the majority that Cohen v. Cohen, 748 So.2d 91 (Miss.1999), controls, I would find that intervention is appropriate. Dr. Dare has a legally cognizable interest that was not adequately protected by the parties to the modification of the divorce decree, and he should therefore be allowed to intervene.
¶ 14. As the majority rightly reports, this Court, in Cohen, 748 So.2d 91, examined the doctrine regarding third-party intervention in divorce proceedings. While it approved of the general application of the holding in Hulett v. Hulett, 152 Miss. 476, 119 So. 581, 585 (1928), i.e., that third-party intervention is prohibited in divorce proceedings, Cohen disapproved a formalistic or mechanical approach that would unnecessarily bar intervention in every instance. “The general rule prohibits intervention by third parties in divorce casesf,] Hulett v. Hulett, 152 Miss. 476,119 So. 581 (1928)[;] however, rare exceptions which are distinguished do exist.” Cohen, 748 So.2d at 92. Thus, Cohen clearly allows, indeed requires, intervention in divorce cases in those rare instances in which a third party can demonstrate “an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.” Id. at 93 (quoting M.R.C.P. 24(a)(2)).
¶ 15. Most divorce cases do not seriously implicate the interests of strangers to the marriage. There is, however, no ontological distinction that separates a domestic dispute from other equitable matters before a trial court. The fact that marriage is a compact between two persons and the fact that divorce dissolves that compact do not foreclose the possibility that the activities of the parties to the compact, or other circumstances, may drag significant interests of other persons into the dispute. Where the facts of the case show that the third party can meet the four-part test outlined by Cohen, the court should allow intervention.
¶ 16. There is nothing routine about the posture of this case. A cursory examination of the facts clearly shows that Dr. Dare’s motion met the requirements for intervention as of right under Rule 24 of the Mississippi Rules of Civil Procedure. He plainly has an interest in the subject *962 matter; the relevant clause of the property settlement contemplates a class of potential defendants of which he is a member. Indeed, the abstract language of the clause notwithstanding, the class of potential defendants reasonably could be construed as a class of one, namely, Dr. Dare. If the clause had in fact named Dr. Dare as a potential defendant, the question of whether he should be allowed to intervene instantly would be answered in the affirmative. But there is no requirement that a third-party beneficiary to a contract be named in the document, and it is well settled that “[a] third person may enforce a promise made for his benefit even though he is a stranger to the contract or to the consideration.” Miss. High School Activities Ass’n, Inc. v. Farris By and Through Farris, 501 So.2d 393, 395-96 (Miss.1987) (citing Bums v. Washington Savings, 251 Miss. 789, 171 So.2d 322, 324 (1965)). Unlike the intervenors in Hulett, 119 So. at 585, whose only interest was the protection of their reputations in their community, this clause, as originally incorporated, relieved Dr. Dare of considerable potential liability for both actual and punitive damages under an alienation of affection claim. The disposition of Paul Stokes’s motion to strike that clause, once granted, impeded Dr. Dare’s very real interest in not being sued and not merely his intangible reputation. And it is obvious that neither Paul nor Sharon Stokes acted to protect that interest for Dr. Dare. The majority implicitly recognizes Dr.. Dare’s obvious interest in this decree in its disapproval of his “attempt to intermeddle in the divorce proceedings, after having meddled with the marital relationship.” Maj. Op. at ¶ 10.
¶ 17. As Dr. Dare clearly has an interest in the subject matter that is not protected by the parties, and as the disposition will impede his ability to protect his interest in not being sued, I would reverse the judgment of the trial court and remand for further proceedings consistent with the foregoing analysis.