618 So.2d 1270 (1993)
PERRY COUNTY, Mississippi
v.
Thomas Dixon FERGUSON, Jr. and Bonnie Jane Ferguson; Leaf River Forest Products, Inc., Leaf River Corporation, Great Northern Nekoosa Corporation, Georgia-Pacific Corporation, Warren Richardson and Acker Smith.
No. 91-CA-1168.
Supreme Court of Mississippi.
May 13, 1993.
Paul D. Walley, Richton, for appellant.
John M. Deakle, Hattiesburg, Patrick W. Pendley, Plaquemine, LA, Lawrence E. Abernathy Jr., Laurel, Darryl A. Hurt, *1271 Darryl A. Hurt, Jr., Hurt & Hurt, Lucedale, for appellee.
Donald Clark, Crothwait Terney Noble & Allain, Jackson, for amicus curiae.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
SMITH, Justice, for the Court:
Perry County claims intervention of right, Miss.R.Civ.P. 24(a)(2) "Intervention of Right," as a defendant in a Jackson County Circuit Court civil action by private parties who seek both actual and punitive damages against a paper mill for its discharge of "toxic (including dioxin) and carcinogenic substances" into Leaf River. Although the application was made under Rule 24, and permissive intervention under Rule 24(b)(2) was argued as an alternative, the only issue on appeal is intervention of right. Because Perry County "has significant economic interest relating to the property which is the subject of this action," the action's disposition is "likely to impair or impede those interests" and its "interests differ from those of the defendants and cannot be adequately represented by those defendants," the county argues intervention is mandatory.
Perry County owns the pulp mill and the land on which it is located and leases the same to Leaf River Forest Products, Inc. (LRFP) under the terms of four industrial development revenue bond issues totalling $572,600,000. The county claims that substantial monetary judgments in the over 160 pending cases could force the mill to close, thereby, impairing the interest of Perry County as project owner. The economic impact of lost jobs is also argued. The trial court denied intervention when Perry County failed to prove the rule requisites of interest, impairment and inadequacy of representation. Perry County appeals on the one issue  denial of intervention of right.[1] We hold Perry County failed to prove that its interests are not adequately represented by the existing parties and affirm.
Miss.R.Civ.P. 24(a)(2) provides:
(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action:
* * * * * *
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
The rule is patterned after Federal Rule 24(a)(2) which has as its basis equity and in particular, former Equity Rule 37. Equity allows strangers to intervene to protect their interests which may be materially affected by the outcome of the litigation. See Griffith, Mississippi Chancery Practice, §§ 410, 411 (2d ed. 1950). Without an enabling statute, equitable intervention was the only vehicle available to those who had no standing as parties. The rule gives law courts this authority governed by equitable intervention practices. In Guaranty National Ins. v. Pittman, 501 So.2d 377, 381 (Miss. 1987), this Court followed federal practice and applied four prerequisites to Rule 24(a)(2)  Intervention of Right:
(1) The would be intervenor must make a timely application;
(2) He must have an interest in the subject matter of the action;
(3) He must be so situated that disposition of the action may "as a practical matter" impair or impede his ability to protect his interest; and
(4) His interests must not already be adequately represented by the existing parties.
In construing these requirements, we acknowledge their wording vests considerable discretion, as a practical matter, in the trial judge. Id. at 381, n. 1. Because the circuit court abused its discretion *1272 in denying intervention of right in that case we reversed and rendered.
Two months after Guaranty National, this Court in State ex rel. Pittman v. Mississippi PSC, 506 So.2d 978, 988 (Miss. 1987), held intervention improper where the applicants' interest was adequately represented by a party to the action:
Here, the applicants' interest was obviously the preservation of their stock value... . That interest was coexistent with [the parties'] desire to enhance its financial position... .
Pittman is another case where we have reversed an "intervention of right," ruling that the trial court abused its discretion.
Federal jurisprudence is helpful in our application of Rule 24(a)(2) intervention. Several leading federal courts maintain that intervention of right is still discretionary:
[W]hile the division of Rule 24(a) and (b) into "Intervention of Right" and "Permissible Intervention" might superficially suggest that only the latter involves an exercise of discretion by the court, the contrary is clearly the case.
Smuck v. Hobson, 408 F.2d 175, 178 (D.C. Cir.1969). See also International Paper v. Town of Jay, ME, 887 F.2d 338, 344 (1st Cir.1989) and United States v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 991 (2d Cir.1984).
In Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir.1989), the Court, dealing with an insurer's motion similar to that found in Guaranty, applied and discussed what appears to be the majority rule for application of the four Rule 24(a)(2) requirements. The Court stated:
An applicant who fails to meet any one of these requirements cannot intervene as of right under Rule 24(a)(2).
The Travelers Court concluded the well established rule required its denial of intervention. The Court held the movant "did not have a cognizable interest in the subject matter of the lawsuit, and therefore the district court correctly denied their motion for intervention under Rule 24(a)(2)." Id. at 641. Perry County's only proof of cognizable interest is the deed and the four leases from the mill bond issue package and the resolution of the Board of Supervisors authorizing the intervention effort.
To intervene one must assert a "`direct, substantial, legally protectable interest' in the proceedings... . A movant found to be a `real party in interest' generally establishes sufficient interest." League of United Latin Amer. Citizens v. Clements, 884 F.2d 185, 187 (5th Cir.1989). See also, United States v. Mississippi, 958 F.2d 112, 115 (5th Cir.1992). Economic interest alone is insufficient; a legally protected interest is required for intervention under Rule 24(a)(2). New Orleans Public Service v. United Gas Pipe Line, 732 F.2d 452, 466 (5th Cir.1984).
Rule 24(a)(2) factors must be applied to the facts of each case. These requirements should be considered together and balanced against each other:
[I]ntervention may be sought in a wide variety of situations involving unique facts and procedural postures... . Because Rule 24 attempts to address all of these situations, the facts and procedural posture of each case are important, and it is often true that "general rules and past decisions cannot provide uniformly dependable guides."
U.S. v. Texas E. Transmission Corp., 923 F.2d 410, 412 (5th Cir.1991).
The First Circuit Court of Appeals held the district court did not abuse its discretion in denying a petition for intervention under Rule 24(a)(2) and stated:
The various components of the Rule are not bright lines, but ranges  not all "interests" are of equal rank, not all impairments are of the same degree, representation by existing parties may be more or less adequate, and there is no litmus paper test for timeliness. Application of the rule requires that its components be read not discreetly, but together. A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a *1273 basis for granting intervention... . The requirements for intervention embodied in Rule 24(a)(2) must be read also in the context of the particular statutory scheme that is the basis for the litigation and with an eye to the posture of the litigation at the time the motion is decided. Finally, although the Rule does not say so in terms, common sense demands that consideration also be given to matters that shape a particular action or particular type of action.
International Paper v. Town of Jay, ME, 887 F.2d 338, 344 (1st Cir.1989).
In Guaranty, these unique facts supported intervention:
(1) A default judgment had been taken against the putative insured;
(2) The putative insured had sued Guaranty National Insurance Company in a separate action for actual and punitive damages alleging it guilty of bad faith in its handling of the case, and in particular, its failure to indemnify and defend;
(3) The judgment debtor was apparently unable to pay the $400,000.00 judgment;
(4) The judgment creditor had filed garnishment proceedings against Guaranty to collect the judgment, and Guaranty by counterclaim sought a declaratory judgment to determine if the judgment debtor was an "insured" under its insurance contract;
(5) Guaranty hired separate counsel for the judgment debtor and by its own attorney sought intervention for the limited purpose of setting the default judgment aside; and
(6) The judgment debtor took no appeal from the judgment.
By comparison Perry County's right to intervene is based upon these facts:
(1) Under the terms of industrial development bonds totalling $572,600,000, Perry County owns the pulp mill, the land upon which it is located, and leases it to LRFP;
(2) Perry County receives lease payments and disburses payments to the bond holders, however, neither Perry County nor its taxpayers are liable for the bond payments;
(3) The suit is one of over 160 cases pending against LRFP involving over 8,200 plaintiffs seeking a total of $30 billion in damages;
(4) Judgments against LRFP could reach such an amount that LRFP would close the mill, possibly causing a domino effect ending in foreclosure with an adverse impact on the entire economy of Perry County;
(5) LRFP has employed counsel, filed pleadings, taken numerous depositions, argued motions and a trial date is set; and
(6) With the exception of its twelfth defense in which Perry County alleges punitive damages are not allowable against it as a subdivision of the State of Mississippi, Perry County raises in its answer the same or similar defenses as LRFP.
Ferguson claims LRFP and Perry County are guilty of collusion and termed their efforts to have the trial moved to Perry County as forum shopping.
The record shows that Perry County's only interest in the subject matter of the case is economic and contingent based on a fear that the pulp mill will close if LRFP sustains excessive litigation losses.
Perry County has the same ultimate objective as LRFP, those interests are adequately represented by LRFP absent a showing of adversity of interest, collusion, or nonfeasance, and there is none.
We conclude Perry County failed to satisfy the requisites of the rule, in particular, that its interest is not already adequately represented by the existing party defendants.
JUDGMENT IS AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE and ROBERTS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
NOTES
[1] The trial court's order denying intervention is a final order and appealable. Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 380 (Miss. 1987).