# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00754-SCT

*MADISON HMA, INC. d/b/a MADISON REGIONAL MEDICAL CENTER*

*v.*

*ST. DOMINIC-JACKSON MEMORIAL HOSPITAL*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/2009 |
| TRIAL JUDGE: | HON. CYNTHIA L. BREWER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | ANDY LOWRY |
| | THOMAS L. KIRKLAND, JR. |
| | ALLISON CARTER SIMPSON |
| ATTORNEYS FOR APPELLEE: | JONATHAN ROBERT WERNE |
| | SHELDON G. ALSTON |
| | EDMUND L. BRUNINI, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/03/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. In the case *sub judice*, this Court is presented with competing contracts for the acquisition of the same property: Madison Ambulatory Surgery Center, LLC's ("ASC") membership interest and its assets, which included a Certificate of Need ("CON") to exclusively operate an ambulatory center in Canton, Mississippi. St. Dominic-Jackson Memorial Hospital ("St. Dominic") entered into an agreement to purchase ASC and its interest in the aforementioned property. As the deal was not consummated, ASC and its interests in this property were placed on the market again. ASC then entered into an

agreement for Madison HMA, Inc. ("HMA") to acquire the same interest. Subsequently, St. Dominic sued ASC to enforce the first agreement, and HMA moved to intervene in the suit to protect its interest. After the Chancery Court of Madison County denied HMA's motion to intervene, HMA proceeded with this interlocutory appeal.

¶2.     As intervention of right existed, this Court concludes that the chancellor erred by denying HMA's motion to intervene. Therefore, this Court reverses that ruling and remands for further proceedings consistent with this opinion.

**FACTS**

¶3.     The object of the present dispute is not only ASC's membership interest, but also the right to operate the facility granted by the CON. The CON, issued by the Mississippi State Department of Health, permitted the construction and exclusive operation of an ambulatory center within a designated area. The Department of Health initially issued the CON to Progressive Family Medical Corporation ("Progressive") on April 25, 2002.

¶4.     On December 19, 2002, Progressive transferred ownership of the CON to ASC. On January 31, 2005, Heritage Banking Group ("Heritage") issued a loan to Progressive for $2.92 million and, as collateral, Progressive granted Heritage a security interest in its business assets. In March 2008, Progressive defaulted on the loan, and Heritage initiated foreclosure proceedings on the real property. Before Progressive's default, a Tennessee corporation, Surginet, Inc., transferred seventy-seven percent of its membership interest in ASC to Progressive, which subjected that interest to Heritage's security interest. Thereafter, an offer to sell ASC's membership interest was made to St. Dominic.

¶5.     On April 28, 2008, St. Dominic sent a purchase agreement to ASC regarding the purchase of its membership interest.  Two days later, the owners holding ninety-two percent of the membership interest in ASC executed a letter of agreement with St. Dominic.  This agreement set a target date of thirty days after its execution for the completion of the purchase, and contained two conditions precedent which precluded any binding effect upon St. Dominic until their satisfaction.  The first condition was that a final agreement for the transfer of the CON and the purchase of ASC's building must be executed.  The second condition was that the Department of Health must approve the transfer of the CON to St. Dominic.  By June 24, 2008, nearly thirty days after the target date, the transaction had not been completed, and ASC sent a letter informing St. Dominic that it intended to place the CON and the building back on the market, based upon St. Dominic's alleged failure to act.  Thus, ASC took the position that St. Dominic had breached the agreement.

¶6.     On July 8, 2008, ASC entered into a letter of intent with HMA for the purchase of its membership interest, assets, and transfer of its CON.  HMA placed $80,000 in escrow for the benefit of ASC, which represented ten percent of the $800,000 purchase price.[1]  That contract reveals, in relevant part, that:

> [HMA] contemplates the expenditure of substantial sums of time and money in connection with legal, accounting, financial, and due diligence work to be performed in conjunction with the proposed transaction prior to execution of Definitive Agreements . . . [ASC] shall not directly or indirectly, solicit or entertain offers from, negotiate with, or in any manner encourage, discuss, accept or consider any proposal of any other person relating to the purchase of the CON . . . .

---

[1]This was the same purchase price as ASC agreed to with St. Dominic.

3

A mutual agreement to terminate was the only avenue to release the signatories from their respective obligations.

¶7. On September 18, 2008, St. Dominic initiated suit, alleging that ACS had breached its agreement for the purchase and transfer of ASC and its CON. St. Dominic sought specific performance under the agreement and a preliminary injunction to prevent ASC from engaging in negotiations with any other person or entity.

¶8. On November 19, 2008, Heritage moved the chancery court for leave to intervene in the suit between St. Dominic and ASC, which was granted. Heritage's security interest in ASC's membership interest, which resulted from an after-acquired clause in the promissory note, indirectly allowed it to control the CON.

¶9. On December 23, 2008, St. Dominic and ASC agreed to a preliminary injunction, which provided:

> Defendants are hereby enjoined and restrained from directly or indirectly initiating, soliciting, encouraging, negotiating or responding favorably to any solicitation from any other person or entity regarding the sale of [ASC], their membership interests in [ASC], or any of the assets of [ASC], including the [CON] . . . .
>
> Defendants are hereby enjoined and restrained from taking any other action to market or sell [ASC], their membership interests in [ASC], or any of the assets of [ASC], including the [CON], to any other person on entity.
>
> Defendants are hereby enjoined and restrained from *finalizing* any transaction with any other person or entity for the sale of [ASC], their membership interests in [ASC], or any of the assets of [ASC], including the [CON], to any other person or entity.

(Emphasis added.)

¶10. On January 27, 2009, HMA moved to intervene in the action. Relying on its executed, binding letter of intent, HMA maintained that it possessed the exclusive contractual right to finalize the purchase of ASC, its assets, and its interest in the CON. HMA averred that its interests were not adequately represented by ASC and asserted that if it were not allowed to intervene, its interest could be impeded or impaired, and it was not otherwise protected.

¶11. Following argument, the chancellor denied HMA's motion, offering only that the motion was not made in good faith. In so doing, the chancellor failed to address the requirements to be considered for purposes of intervention of right, *see Guaranty National Insurance Co. v. Pittman*, 501 So. 2d 377, 381 (Miss. 1987), or provide any factual findings which might aid this Court in its appellate review. Following that ruling, HMA sought interlocutory appeal.

## ISSUE

¶12. This Court will consider:

Whether the chancery court erred in denying HMA's Rule 24 motion for intervention of right.

## STANDARD OF REVIEW

¶13. Rule 24 governs both intervention of right and permissive intervention, stating, in pertinent part, that:

(a) **Intervention of Right**. Upon timely application, anyone *shall* be permitted to intervene in an action:

. . .

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that

5

interest, unless the applicant's interest is adequately represented by existing parties.[2]

(b) **Permissive Intervention**. Upon timely application anyone *may* be permitted to intervene in an action:

. . .

(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

Miss. R. Civ. P. 24 (emphasis added).

¶14. Rule 24, its comment, and the underlying purposes of the Rules clearly demonstrate that a *de novo* standard of review applies to all intervention-of-right judgments. However, our caselaw regarding the proper standard of review for Rule 24 intervention rulings is in conflict. We previously have stated "a trial court has considerable discretion in ruling on a motion to intervene." ***Hayes v. Leflore County Bd. of Supervisors***, 935 So. 2d 1015, 1017 (Miss. 2006) (quoting ***City of Tupelo v. Martin***, 747 So. 2d 822, 826 (Miss. 1999)). *See also* ***Cohen v. Cohen***, 748 So. 2d 91, 93 (Miss. 1999) (holding Rule 24 rulings are subject to an abuse-of-discretion standard of review). Contrastingly, this Court has held, in the seminal case for intervention under our current rules, that "Rule 24(a)(2) is entitled 'Intervention of Right' and includes the mandatory 'shall,' thus giving the impression *that the trial court has little, if any, discretion* in the matter[,]" which is consistent with the Comment to Rule 24, which states that "[a]n application for permissive intervention is addressed to the discretion

---

[2]The Comment to Rule 24 adds that "*when it has happened that an owner or part owner has a claim or interest in property which is the subject of a pending action and which may be materially affected by the outcome of the litigation, he has been allowed to intervene to protect his interest*; this is referred to as equitable intervention." Miss. R. Civ. P. 24 cmt. (emphasis added).

of the court, whereas an application for intervention of right poses only a *question of law.*"

***Guar. Nat'l Ins. Co.***, 501 So. 2d at 381 n.1; Miss. R. Civ. P. 24 cmt. (emphasis added).

¶15.    Circumscribing all intervention decisions is that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Miss. R. Civ. P. 1. The Comment to Rule 1 adds that:

> [t]he mandate in the final sentence of Rule 1 is only one of a number of similar admonitions scattered throughout the rules [and] directing that the rules be interpreted liberally in order that the procedural framework in which litigation is conducted promotes the ends of justice and facilitates decisions on the merits, rather than determinations on technicalities.

Miss. R. Civ. P. 1 cmt.

¶16.    Regarding permissive intervention (Rule 24(b)(2)), the abuse-of-discretion standard is logically sound, for the trial judge may permissively grant or deny a motion to intervene, provided there is a common question of law or fact and the motion was timely filed. *See* Miss. R. Civ. P. 24(b)(2). Accordingly, the rule set forth in ***Cohen*** is proper for permissive intervention under Rule 24(b)(2). *See **Cohen***, 748 So. 2d at 93.

¶17.    However, with regard to intervention of right, the abuse-of-discretion standard deviates greatly from this Court's historical review of questions of law.[3] It is well-settled that questions of law are to be reviewed *de novo*. *See **Donald v. Amoco Prod. Co.***, 735 So. 2d 161, 165 (Miss. 1999). As Rule 24(a) addresses the *right* of one to intervene, it constitutes

---

[3]Unquestionably, the requirements for intervention of right under Rule 24(a)(2) are not "stated with mathematical precision[,]" such that the trial court "is of necessity required to exercise discretion in judgment . . . ." ***Guar. Nat'l Ins. Co.***, 501 So. 2d at 381 n.1. This discretion, however, does not change the fact that "an application for intervention of right poses only a question of law." Miss. R. Civ. P. 24 cmt.

7

a question of law. Prudence, logic, and precedent dictate a *de novo* review. This position is consistent with the federal court's *de novo* review of the denial of a motion for intervention of right pursuant to Federal Rule of Civil Procedure 24(a)(2). *See Trans Chem. Ltd. v. China Nat'l Mach. Imp. and Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Thus, our analysis of the chancery court's denial of HMA's motion for intervention of right employs a *de novo* standard of review.

## ANALYSIS

¶18. By order, the chancellor denied HMA's motion for intervention of right in its entirety, offering only that the motion was "not being well taken." There are no on-the-record findings of fact or conclusions of law in support of the ruling. Thus, we are provided with no insight into the basis for the chancellor's ruling.

¶19. In *Guaranty National*, this Court held that when a movant satisfies four separate requirements, the trial court "shall" allow intervention. *Guar. Nat'l Ins. Co.*, 501 So. 2d at 381. In order to intervene as a matter of right, a movant must: "(1) . . . make timely application, (2) . . . have an interest in the subject matter of the action, (3) . . . be so situated that disposition of the action may as a practical matter impair or impede his ability to protect his interest, and (4) his interest must not already be adequately represented by existing parties." *Id*. *See also Hood ex rel. State Tobacco Litigation v. State*, 958 So. 2d 790, 802-803 (Miss. 2007); *Perry County v. Ferguson*, 618 So. 2d 1270, 1272 (Miss. 1993). The requirements of Rule 24(a)(2):

> are *not bright lines, but ranges* – not all "interests" are of equal rank, not all impairments are of the same degree, representation by existing parties may be more or less adequate, and there is no litmus paper test for timeliness.

8

*Application of the rule requires that its components be read not discreetly, but together.* A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention.

***Cummings v. Benderman***, 681 So. 2d 97, 101 (Miss. 1996) (quoting ***Int'l Paper v. Town of Jay, Me.***, 887 F.2d 338, 344 (1st Cir. 1989)) (emphasis added).

*(1) Did HMA have an interest in the subject matter of the action?*

¶20.    The subject matter of this action is ASC's membership interest, which holds a CON exclusively to operate an ambulatory center. Given HMA's agreement with ASC, this Court finds that HMA has an interest in that subject matter, i.e., "a claim or interest in property which is the subject of a pending action and which may be materially affected by the outcome of the litigation . . . ." Miss. R. Civ. P. 24 cmt.

¶21.    In order to intervene, a movant must assert a "'direct, substantial, legally protectable interest' in the proceedings. . . . A movant found to be 'a real party in interest' generally establishes sufficient interest." ***Ferguson***, 618 So. 2d at 1272 (citing ***League of United Latin Amer. Citizens v. Clements***, 884 F.2d 185, 187 (5th Cir. 1989)). An "interest" is defined as "[a] legal share in something; all or part of a legal or equitable claim to or right in property." *Black's Law Dictionary* 828 (8th ed. 2004). HMA's contract with ASC is empirical evidence of its "'direct, substantial, legally protectable interest' in the proceedings." ***Ferguson***, 618 So. 2d at 1272.

¶22.    Mississippi previously has recognized interests that are contingent upon the outcome of trial. In ***Guaranty National***, this Court determined that intervention was warranted even in spite of the fact that the would-be intervenor was not capable of initiating suit directly.

9

*See Guar. Nat'l Ins. Co.*, 501 So. 2d at 383. This Court, although not directly determining that an interest was present, found that "[a]ll that is necessary is that [the would-be intervenor] establish an interest in the rights that are at issue in the litigation." *Id.* (citing *Hartford Accident and Indem. Co. v. Crider*, 58 F.R.D. 15, 18 (N.D. Ill. 1973)). The pending suit involves ASC's membership *interest* and *interest* in assets, including ASC's *interest* in the CON.

¶23. In the case *sub judice*, HMA alleges it possesses ASC's exclusive rights to the CON, which it received pursuant to the provisions contained in the terms of the dually-executed letter of intent. *See* ¶ 6 *supra*. The question then becomes whether these are sufficient interests for purposes of an intervention of right. St. Dominic and HMA are in pursuit of the same property.

¶24. ASC conveyed rights or interests to HMA by contract. The right to negotiate for the purchase of the same interests is why St. Dominic initiated suit. Therefore, it cannot logically be suggested that these interests are of no import. Accordingly, HMA's putative right exclusively to negotiate the acquisition of ASC, its assets, and the CON was "direct, substantial, [and] legally protectable . . . ." *Ferguson*, 618 So. 2d at 1272.

¶25. The CON is a one-of-a-kind object which law recognizes as unique. Both St. Dominic and HMA claim to possess a "direct, substantial, [and] legally protectable interest" in acquiring the same CON. Thus, both St. Dominic and HMA have an "interest in the subject matter of the action . . . ." *Guar. Nat'l Ins. Co.*, 501 So. 2d at 381.

*(2) Did HMA make a timely application?*

¶26.    A court considers whether an application or motion for leave to intervene was timely for the purpose of determining prejudice to existing parties. *See id*. at 382.  Mississippi has adopted a four-factor test for determining the timeliness of an application to intervene. *See Hood ex. rel,* 958 So. 2d at 805-06; *Guar. Nat'l Ins. Co.*, 501 So. 2d at 381-82.  In this case, the timeliness of HMA's motion to intervene is not in serious dispute.

¶27.    Four months and nine days transpired between St. Dominic's filing of this action and HMA's motion for leave to intervene.  It is undisputed that HMA was not placed on actual notice of St. Dominic's action until shortly before HMA's motion to intervene was filed.  In short, any delay was minimal, as the record reveals no more than one month elapsed between HMA's constructive knowledge of St. Dominic's suit and the filing of its motion to intervene.  This length of time pales in comparison to the 119-day period of time at issue in *Guaranty National*. *See Guar. Nat'l Ins. Co.*, 501 So. 2d at 382.  Thus, the motion was filed in a timely manner.

¶28.    Furthermore, St. Dominic has presented no evidence of prejudice from permitting the intervention,[4] instead summarily arguing at the motion hearing that if HMA is allowed to intervene it will be prejudiced by the change of a scheduled court date.  During that motion hearing, HMA offered that no discovery or depositions had occurred or otherwise been taken, and the chancellor acknowledged same.  Furthermore, HMA's attorney asserted that there was no need for extended discovery and advised the court that HMA would not delay the

_____

[4]As ASC made no objections to HMA's motion, any prejudice as to it is waived.

11

trial. In the absence of actual prejudice being shown, St. Dominic's argument of prejudice due to untimeliness carries little, if any, weight when balanced against the prejudice to be suffered by the putative intervenor, i.e., being excluded from presenting a case at all.

¶29. Should St. Dominic be allowed to proceed without contest and procure the CON that HMA claims it has the right to obtain, without HMA being afforded an opportunity to contest such, the prejudice that will be suffered by HMA is obvious. Specifically, its claim will be extinguished, while it is denied access to the courts to assert such. Conversely, a holding allowing intervention will eliminate a separate suit, decrease litigation expenses for the parties, relieve the court system from multiple actions, and prevent the risk of inconsistent judgments, thereby furthering the stated purpose and spirit of our Rules.

¶30. Accordingly, justice is well-served in finding that HMA made a ***timely application*** under Rule 24.

> *(3) Is HMA so situated that disposition of the action may, as a practical matter, impair or impede its ability to protect its interest?*

¶31. HMA claims that it was not provided notice of the action initiated by St. Dominic against ASC, and that ASC agreed to a preliminary injunction which deprived HMA of its contractually acquired right. *See ¶ 9 supra*.

¶32. If St. Dominic prevails at trial in HMA's absence, then HMA's putative right to negotiate exclusively for the sale and/or purchase of ASC will disappear. Practically speaking, although HMA's legal claim against ASC will survive, the object which it seeks, the CON, will no longer be available. If HMA is not allowed to intervene, it cannot be accorded a full measure of justice.

¶33.   Therefore, HMA is so situated that disposition of the St. Dominic-ASC action, without intervention, will seriously impair or impede its ability to protect its interests.

*(4) Are HMA's interests already adequately represented by existing parties?*

¶34.   Clearly, HMA's interest are not adequately represented in this case.  St. Dominic and HMA's interests are antithetical.  Moreover, ASC wants only to conclude the transaction.  Common sense dictates that ASC is indifferent to which party prevails, for the transaction is for the same price in both agreements, $800,000.  HMA and St. Dominic both seek to obtain the one-of-a-kind CON.  Their purpose is to obtain the CON in order to provide ambulatory surgical services within a designated area.  Determinative on this factor is the preliminary injunction.  ASC has agreed to cease and desist  negotiations with anyone other than St. Dominic, a right that ASC contracted away when it executed the letter of intent with HMA.  Accordingly, HMA's interests are not adequately protected by ASC.

## CONCLUSION

¶35.   In sum, the four requirements necessary to establish intervention of right, viewed collectively, are met.  Therefore, this Court concludes that the chancery court erred in denying HMA's motion to intervene.  Accordingly, this Court reverses that ruling and remands for further proceedings consistent with this opinion.

¶36.   **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, LAMAR, AND KITCHENS, JJ., CONCUR.  PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.  CHANDLER, J., NOT PARTICIPATING.**

**PIERCE, JUSTICE, DISSENTING:**

13

¶37. Because today's majority opinion exposes future litigants to intervention by third parties who do not have a legally protectable interest in the subject matter of the litigation at issue, I respectfully dissent.

*Standard of Review*

¶38. I must first point out my disagreement with the majority's analysis as to the standard of review for intervention as of right. The majority states, "Rule 24, its comment, and the underlying purposes of the Rules clearly demonstrate that a *de novo* standard of review applies to all intervention-of-right judgments." (Maj. Op. ¶ 14). Not so fast. While the comment to the rule does state that motions for intervention of right pose only questions of law,[5] this Court has clearly stated:

> Rule 24(a)(2) is entitled "Intervention of Right" and includes the mandatory "shall," thus giving the impression that the trial court has little, if any, discretion in the matter. *Candor requires recognition that the four tests stated above[6] each in and of itself contains language sufficiently open textured that not inconsiderable discretion is as a practical matter vested in the trial court.* To be sure, if the four requisites are found met, the applicant *must* be allowed to intervene. The wording of the four requisites, however, is such that *the trial court is of necessity required to exercise discretion in judgment* for none is stated with mathematical precision.

---

[5] Miss. R. Civ. P. 24 cmt.

[6] [A] would be intervenor "*shall*" be allowed to intervene if he meets four prerequisites: (1) he must make timely application, (2) he must have an interest in the subject matter of the action, (3) he must be so situated that disposition of the action may as a practical matter impair or impede his ability to protect his interest, and (4) his interest must not already be adequately represented by existing parties.

*Guar. Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 381 (Miss. 1987) (emphasis in the original).

14

***Guar. Nat'l Ins. Co. v. Pittman***, 501 So. 2d 377, 381 n.1 (Miss. 1987) (emphasis added).

This Court consistently has held that an abuse-of-discretion standard of review is appropriate for both intervention as of right and permissive intervention.[7] Trial courts must be given discretion to determine if the four requisites to intervention as of right are met, and this Court should continue to review such determinations for an abuse of the discretion the rule provides the trial court.

¶39.    However, Rule 24(a) mandates a party be allowed to intervene when all four requisites have been met. ***Hood v. State***, 958 So. 2d 790, 806 (Miss. 2007). It is this determination in which the trial court is granted no discretion by the rule. If the four requisites are met, the intervening party *must* be allowed to intervene, as the rule uses the mandatory "shall."

¶40.    Therefore, the trial court has discretion in determining whether each of the four required elements to intervene as of right have been met, and this Court should review such determinations for an abuse of discretion.[8] However, if the trial court determines that each of the four elements is met, Rule 24(a) requires that the trial court allow the would-be

---

[7] *See **Hayes v. Leflore County Bd. of Supervisors***, 935 So. 2d 1015, 1017 (Miss. 2006); ***City of Tupelo v. Martin***, 747 So. 2d 822, 826 (Miss. 1999); ***Cummings v. Benderman***, 681 So. 2d 97, 101 (Miss. 1996); ***Cohen v. Cohen***, 748 So. 2d 91, 93 (Miss. 1999); ***Perry County v. Ferguson***, 618 So. 2d 1270, 1271-72 (Miss. 1993) (all holding that the standard of review for denial of a motion to intervene is abuse of discretion).

[8] In order to determine whether each of the four factors is met, the trial court must look to the facts and evidence before it. Because these determinations are questions of fact, they are reviewed for an abuse of discretion. *See **Foss v. Williams***, 993 So.2d 378, 380 (Miss. 2008).

intervenor to intervene as a matter of right, and that determination by the trial court should be reviewed *de novo.*[9]

*Interest in the Subject Matter of the Action*

¶41. Regardless of the standard of review, a party must meet the four-part test outlined in *Guaranty National* in order to intervene as of right. Because HMA has no interest in the subject matter of the action, it does not have the right to intervene. *Guar. Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 381 (Miss. 1987). Today's majority opinion opens the door for would-be intervenors to join suits over contracts to which they are not parties and confuse the issues at trial. For example, the majority position would allow third parties to intervene in real estate contracts where the third party enters into a letter of intent after a valid land sale contract has been entered between two parties.

¶42. In the present matter, HMA has the burden to prove that it has a "direct, substantial and legally protectable interest" in order to intervene in this suit. *Perry County v. Ferguson*, 618 So. 2d 1270, 1272 (Miss. 1993). HMA also must show that it has more than a mere economic interest. *Id.* It cannot be said that the trial judge abused her discretion in determining whether HMA met each of the four elements under *Guaranty National*, 501 So.

---

[9] If each of the four factors is met, the trial court has no discretion under Rule 24(a) and must grant the motion to intervene. This determination is a question of law, as contemplated by the comment to Rule 24, and should therefore be reviewed *de novo. See Franklin Corp. v. Tedford*, 18 So. 3d 215, 230 (Miss. 2009) (citing *Miss. Ethics Comm'n v. Grisham*, 957 So. 2d 997, 1000 (Miss. 2007)).

2d at 381, where HMA has no interest in the subject matter of the suit between St. Dominic and ASC.[10]

¶43.    The suit in which HMA seeks to intervene involves a contract between ASC and St. Dominic, and the issue before the trial court is whether that contract is legally binding upon those two parties. HMA claims its interest in the litigation arises out of its interest in acquiring ASC and its CON. However, the rule requires an interest in the *subject matter* of the litigation -- here, the St. Dominic/ASC contract -- not the parties to the litigation. HMA has no direct interest in the St. Dominic/ASC contract. While it is true that HMA and St. Dominic "are in pursuit of the same property" (Maj. Op. ¶ 23), HMA can in no way contribute to the determination of whether the St. Dominic/ASC contract is enforceable or whether it has been breached by either party.

¶44.    If the St. Dominic/ASC contract is found to be invalid or unenforceable, HMA can then seek to enforce its letter of intent with ASC. However, HMA's letter of intent is not the subject of the suit at issue, and HMA's remedies are contingent upon the outcome of the St. Dominic suit. "By definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit." *Ross v. Marshall*, 456 F. 3d 452, 453 (5th Cir. 2006).[11]

¶45.    Although the majority cites *Guaranty National* as an example of this Court allowing a party to intervene where the intervenor would not be capable of bringing suit directly, that

---

[10] The record presently before this Court contains no findings of fact as to the four required elements for intervention as of right under *Guaranty National*, 501 So. 2d at 381. The majority ignores that it is the appellant's responsibility to ensure the record before this Court is complete. *See* Miss. R. App. P. 10.

[11] This Court has said, "[f]ederal jurisprudence is helpful in our application of Rule 24(a)(2) intervention." *Perry County v. Ferguson*, 618 So. 2d 1270, 1273 (Miss. 1993).

matter is factually distinguishable from the present case. (Maj. Op. ¶ 22), *Guar. Nat'l Ins. Co.,* 501 So. 2d at 383. In *Guaranty National*, the would-be intervenor was an insurer who may have been required to pay the damages which were the subject matter of the suit. Clearly, that is a "direct, substantial, and legally protectable" interest in the *subject matter* of that particular suit -- the damages on the tort claim. In the present case, however, HMA has *no* direct interest that is the *subject matter* of the suit -- the St. Dominic/ASC contract.[12]

¶46. Our caselaw defines the interest required to intervene as of right to be a *legally protectable* interest. *Perry County*, 618 So. 2d 1270, 1272 (Miss. 1993). The majority's holding today allows third parties to intervene in suits over contracts to which they are not parties.[13] The dispute in this matter is between St. Dominic and ASC, the subject of which is a contract between those two parties.

¶47. The majority states, "[t]he CON is a one-of-a-kind object which law recognizes as unique. . . . Thus, both St. Dominic and HMA have an 'interest in the subject matter of the action.'" (Maj. Op. ¶ 25). This is simply not the test under Rule 24(a). As stated *infra*, the majority's erroneous analysis will open the floodgates to would-be intervenors in every real estate contract, as land, like the CON, is a "one-of-a-kind object which the law recognizes as unique."

---

[12] Alternatively, even if the CON is the subject matter of the action, as the majority opinion has presumed, HMA still has no legally protectable interest in the CON. The HMA/ASC letter of intent clearly states that it "do[es] not constitute and will not give rise to any legally binding obligation on the part of any party."

[13] Further, the majority footnotes part of the Comment to Rule 24 regarding equitable intervention. (Maj. Op. ¶ 13 n.2.) Equitable intervention is not at issue here as HMA's letter of intent with ASC did not make HMA an "owner or part owner" of ASC.

¶48. Finally, the majority states, "Common sense dictates that ASC is indifferent to which party prevails . . . ." (Maj. Op. ¶ 34). This is utter speculation in which this Court should not engage.

¶49. Because HMA is not a party to the St. Dominic/ASC contract and does not have a legally protectable interest in the subject matter of the litigation at hand, I would affirm the trial court's denial of HMA's motion to intervene. Accordingly, I dissent.

**GRAVES, P.J., JOINS THIS OPINION.**