PIERCE, Justice,
dissenting:
¶ 37. Because today’s majority opinion exposes future litigants to intervention by third parties who do not have a legally protectable interest in the subject matter of the litigation at issue, I respectfully dissent.

Standard of Review

¶ 38. I must first point out my disagreement with the majority’s analysis as to the standard of review for intervention as of right. The majority states, “Rule 24, its comment, and the underlying purposes of the Rules clearly demonstrate that a de novo standard of review applies to all intervention-of-right judgments.” (Maj. Op. ¶ 14). Not so fast. While the comment to the rule does state that motions for intervention of right pose only questions of law,[5] this Court has clearly stated:
Rule 24(a)(2) is entitled “Intervention of Right” and includes the mandatory “shall,” thus giving the impression that the trial court has little, if any, discretion in the matter. Candor requires recognition that the four tests stated above[6] each in and of itself contains *1219 language sufficiently open textured that not inconsiderable discretion is as a practical matter vested in the trial court. To be sure, if the four requisites are found met, the applicant must be allowed to intervene. The wording of the four requisites, however, is such that the trial court is of necessity required to exercise discretion in judgment for none is stated with mathematical precision.
Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 381 n. 1 (Miss.1987) (emphasis added). This Court consistently has held that an abuse-of-discretion standard of review is appropriate for both intervention as of right and permissive intervention.[7] Trial courts must be given discretion to determine if the four requisites to intervention as of right are met, and this Court should continue to review sueh determinations for an abuse of the discretion the rule provides the trial court.
¶ 39. However, Rule 24(a) mandates a party be allowed to intervene when all four requisites have been met. Hood v. State, 958 So.2d 790, 806 (Miss.2007). It is this determination in which the trial court is granted no discretion by the rule. If the four requisites are met, the intervening party must be allowed to intervene, as the rule uses the mandatory “shall.”
¶ 40. Therefore, the trial court has discretion in determining whether each of the four required elements to intervene as of right have been met, and this Court should review such determinations for an abuse of discretion.[8] However, if the trial court determines that each of the four elements is met, Rule 24(a) requires that the trial court allow the would-be intervenor to intervene as a matter of right, and that determination by the trial court should be reviewed de novo.[9]

Interest in the Subject Matter of the Action

¶ 41. Regardless of the standard of review, a party must meet the four-part test outlined in Guaranty National in order to intervene as of right. Because HMA has no interest in the subject matter of the action, it does not have the right to intervene. Guar. Nat’l Ins. Co. v. Pittman, 501 So.2d 377, 381 (Miss.1987). Today’s majority opinion opens the door for would-be intervenors to join suits over contracts to which they are not parties and confuse the issues at trial. For example, the majority position would allow third parties to intervene in real estate contracts where the third party enters into a letter of intent after a valid land sale contract has been entered between two parties.
¶ 42. In the present matter, HMA has the burden to prove that it has a “direct, substantial and legally protectable interest” in order to intervene in this suit. Perry County v. Ferguson, 618 So.2d 1270, *1220 1272 (Miss.1993). HMA also must show that it has more than a mere economic interest. Id. It cannot be said that the trial judge abused her discretion in determining whether HMA met each of the four elements under Guaranty National, 501 So.2d at 381, where HMA has no interest in the subject matter of the suit between St. Dominic and ASC.[10]
¶ 43. The suit in which HMA seeks to intervene involves a contract between ASC and St. Dominic, and the issue before the trial court is whether that contract is legally binding upon those two parties. HMA claims its interest in the litigation arises out of its interest in acquiring ASC and its CON. However, the rule requires an interest in the subject matter of the litigation— here, the St. Dominic/ASC contract — not the parties to the litigation. HMA has no direct interest in the St. Dominic/ASC contract. While it is true that HMA and St. Dominic “are in pursuit of the same property” (Maj. Op. ¶ 23), HMA can in no way contribute to the determination of whether the St. Dominic/ASC contract is enforceable or whether it has been breached by either party.
¶ 44. If the St. Dominic/ASC contract is found to be invalid or unenforceable, HMA can then seek to enforce its letter of intent with ASC. However, HMA’s letter of intent is not the subject of the suit at issue, and HMA’s remedies are contingent upon the outcome of the St. Dominic suit. “By definition, an interest is not direct when it is contingent on the outcome of a subsequent lawsuit.” Ross v. Marshall, 456 F.3d 442, 443 (5th Cir.2006).[11]
¶ 45. Although the majority cites Guaranty National as an example of this Court allowing a party to intervene where the intervenor would not be capable of bringing suit directly, that matter is factually distinguishable from the present case. (Maj. Op. ¶ 22), Guar. Nat’l Ins. Co., 501 So.2d at 383. In Guaranty National, the would-be intervenor was an insurer who may have been required to pay the damages which were the subject matter of the suit. Clearly, that is a “direct, substantial, and legally protectable” interest in the subject matter of that particular suit — the damages on the tort claim. In the present case, however, HMA has no direct interest that is the subject matter of the suit — the St. Dominic/ASC contract.[12]
¶ 46. Our caselaw defines the interest required to intervene as of right to be a legally protectable interest. Perry County, 618 So.2d 1270, 1272 (Miss.1993). The majority’s holding today allows third parties to intervene in suits over contracts to which they are not parties.[13] The dispute in this matter is between St. Dominic and *1221 ASC, the subject of which is a contract between those two parties.
¶ 47. The majority states, “[t]he CON is a one-of-a-kind object which law recognizes as unique.... Thus, both St. Dominic and HMA have an ‘interest in the subject matter of the action.’ ” (Maj. Op. ¶ 25). This is simply not the test under Rule 24(a). As stated infra, the majority’s erroneous analysis will open the floodgates to would-be intervenors in every real estate contract, as land, like the CON, is a “one-of-a-kind object which the law recognizes as unique.”
¶ 48. Finally, the majority states, “Common sense dictates that ASC is indifferent to which party prevails_” (Maj. Op. ¶ 34). This is utter speculation in which this Court should not engage.
¶ 49. Because HMA is not a party to the St. Dominic/ASC contract and does not have a legally protectable interest in the subject matter of the litigation at hand, I would affirm the trial court’s denial of HMA’s motion to intervene. Accordingly, I dissent.
GRAVES, P.J., JOINS THIS OPINION.

. Miss. R. Civ. P. 24 cmt.

. [A] would be intervenor “shall ’’ be allowed to intervene if he meets four prerequisites: (1) he must make timely application, (2) he must have an interest in the subject matter of the action, (3) he must be so situated that disposition of the action may as a practical matter impair or impede his ability to protect his interest, and (4) his interest must not already be adequately represented by existing parties.
Guar. Nat'l Ins. Co. v. Pittman, 501 So.2d 377, 381 (Miss.1987) (emphasis in the original).

. See Hayes v. Leflore County Bd. of Supervisors, 935 So.2d 1015, 1017 (Miss.2006); City of Tupelo v. Martin, 747 So.2d 822, 826 (Miss.1999); Cummings v. Benderman, 681 So.2d 97, 101 (Miss.1996); Cohen v. Cohen, 748 So.2d 91, 93 (Miss.1999); Perry County v. Ferguson, 618 So.2d 1270, 1271-72 (Miss.1993) (all holding that the standard of review for denial of a motion to intervene is abuse of discretion).

. In order to determine whether each of the four factors is met, the trial court must look to the facts and evidence before it. Because these determinations are questions of fact, they are reviewed for an abuse of discretion. See Foss v. Williams, 993 So.2d 378, 380 (Miss.2008).

.If each of the four factors is met, the trial court has no discretion under Rule 24(a) and must grant the motion to intervene. This determination is a question of law, as contemplated by the comment to Rule 24, and should therefore be reviewed de novo. See Franklin Corp. v. Tedford, 18 So.3d 215, 230 (Miss.2009) (citing Miss. Ethics Comm’n v. Grisham, 957 So.2d 997, 1000 (Miss.2007)).

. The record presently before this Court contains no findings of fact as to the four required elements for intervention as of right under Guaranty National, 501 So.2d at 381. The majority ignores that it is the appellant's responsibility to ensure the record before this Court is complete. See Miss. R.App. P. 10.

. This Court has said, “[fjederal jurisprudence is helpful in our application of Rule 24(a)(2) intervention.” Perry County v. Ferguson, 618 So.2d 1270, 1273 (Miss.1993).

. Alternatively, even if the CON is the subject matter of the action, as the majority opinion has presumed, HMA still has no legally protectable interest in the CON. The HMA/ ASC letter of intent clearly states that it ”do[es] not constitute and will not give rise to any legally binding obligation on the part of any party.”

. Further, the majority footnotes part of the Comment to Rule 24 regarding equitable intervention. (Maj. Op. ¶ 13 n. 2.) Equitable intervention is not at issue here as HMA's letter of intent with ASC did not make HMA an "owner or part owner” of ASC.