MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Bibleway M.B. Church filed a complaint in the Chickasaw County Chancery Court to confirm title to a piece of property it had purchased. Frank Vasser Sr. filed a motion to intervene, which the chancellor denied. Finding that Vasser Sr.’s motion to intervene was not timely under Mississippi Rule of Civil Procedure 24 and that his fraudulent representations
 
 *383
 
 to the chancellor weigh quite heavily against his request to intervene, we affirm the chancellor’s judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. Vasser Sr. purchased the property involved in this litigation for his son, Frank Vasser Jr. The property was titled in Vasser Jr.’s name. Vasser Jr. failed to pay ad valorem taxes on the property, and Joe Robertson purchased the property at a tax sale. Robertson sold the property to Bibleway. Bibleway then brought the underlying lawsuit naming Vasser Jr. and Citifinaneial, a lien holder on the property, as defendants.
 

 ¶ 3. Citifinaneial did not answer.
 
 [1]
 
 On July 21, 2008, Vasser Sr., falsely purporting to be Vasser Jr., filed a notice of entry of appearance and a request for additional time to answer.
 
 [2]
 
 Less than a month later, Bibleway moved for a default judgment against the existing parties. The record contains no indication that the trial court ever ruled on Bibleway’s motion. On August 25, 2008, Vasser Sr. (again using his son’s name) filed an answer, along with a counterclaim and cross-claim. Almost two months later, in a deposition taken on October 22, 2008, Vasser Sr. admitted he had misrepresented himself as Vasser Jr. in all court documents he had previously filed. This disclosure was a surprise to the attorneys on both sides.
 

 ¶ 4. Based on Vasser Sr.’s misrepresentation of his identity, Bibleway filed a motion to strike Vasser Sr.’s pleadings. Over a month later, on December 1, 2008, Vas-ser Sr. filed a motion to intervene as a matter of right under Rule 24(a). In an order disposing of both motions, the chancellor granted Bibleway’s motion to strike, finding it was inappropriate for Vasser Sr. to file pleadings professing to be his son. The chancellor also denied Vasser Sr.’s motion to intervene finding that Vasser Sr. was not a real party in interest — that is, Vasser Jr. was the record title holder, and Vasser Sr. admitted he gave his property to his son.
 

 ¶ 5. Vasser Sr. now appeals from this decision.
 

 STANDARD OF REVIEW
 

 ¶ 6. Rule 24 includes two basic types of intervention: (1) intervention of right and (2) permissive intervention. Generally, intervention of right poses a question of law, which we review de novo, unlike' permissive intervention, which we review for an abuse of discretion.
 
 See Madison HMA, Inc. v. St. Dominic-Jackson Mem’l Hosp.,
 
 85 So.3d 1209, 1214-15 (¶¶ 12-17) (Miss.2010).
 
 See also
 
 M.R.C.P. 24 emt; 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
 
 Federal Practice and Procedure: Civil 3d
 
 § 1902, at 261 (2007). But according to multiple authorities, including a prior decision of the Mississippi Supreme Court, the issue of timeliness-a requirement in both types of intervention-is reviewed for an abuse of discretion.
 
 In re Hood ex rel. State Tobacco Litigation,
 
 958 So.2d 790, 808 (¶ 65) (Miss.2007) (quoting
 
 Stallworth v. Monsanto Co.,
 
 558 F.2d 257, 263 (5th Cir.1977)) (“The question of whether the application is timely is largely committed to the discretion of the trial court[.]”).
 
 See also
 
 7C Wright, Miller & Kane, § 1916, at 529-30.
 

 ¶ 7. Recently in
 
 Madison HMA,
 
 the supreme court sought to clarify a conflict regarding the applicable standard of review in its past decisions, some of which indicate that Rule 24 judgments are al
 
 *384
 
 ways reviewed for abuse of discretion. The court stated:
 

 Rule 24, its comment, and the underlying purposes of the Rules clearly demonstrate that a de novo standard of review applies to all intervention-of-right judgments.
 

 [[Image here]]
 

 ... It is well-settled that questions of law are to be reviewed de novo.
 
 See Donald v. Amoco Prod. Co.,
 
 735 So.2d 161, 165 (Miss.1999). As Rule 24(a) addresses the right of one to intervene, it constitutes a question of law. Prudence, logic, and precedent dictate a de novo review. This position is consistent with the federal [courts’] de novo review of the denial of a motion for intervention of right pursuant to Federal Rule of Civil Procedure 24(a)(2).
 
 See Trans Chem. Ltd. v. China Nat’l Mach. Imp. and Exp. Corp.,
 
 382 F.3d 815, 822 (5th Cir.2003);
 
 [Stallworth],
 
 558 F.2d [at] 263.
 

 Madison HMA,
 
 35 So.3d at 1214-15 (¶¶ 14, 17).
 
 Madison HMA
 
 did not make a distinction regarding the issue of timeliness, but the court did note “the timeliness of HMA’s motion to intervene is not in serious dispute.”
 
 Id.
 
 at 1217 (¶ 26). Nor did the court account for
 
 In re Hood’s
 
 instruction that timeliness issues are reviewed for abuse of discretion.
 
 See In re Hood,
 
 958 So.2d at 808 (¶ 65) (citing
 
 Stallworth,
 
 558 F.2d at 263).
 

 ¶ 8. Given the flexibility involved in a timeliness determination, the weight of authority suggests this issue is largely discretionary, even where a party moves to intervene of right.
 
 See NAACP v. New York,
 
 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973) (interpreting F.R.C.P. 24(a)-(b));
 
 Ross v. Marshall,
 
 426 F.3d 745, 753 (5th Cir.2005) (citing
 
 John Doe No. 1 v. Glickman,
 
 256 F.3d 371, 376 (5th Cir.2001));
 
 Stallworth,
 
 558 F.2d at 263, 7C, Wright, Miller
 
 &
 
 Kane, § 1916, at 529-30.
 
 But see
 
 7C Wright, Miller & Kane, § 1916, at 531 (Although the standard for reviewing timeliness in all Rule 24 motions is abuse of discretion, when a petitioner may intervene as of right, the court exercises its discretion in finding the application untimely with greater reluctance.).
 

 ¶ 9. However, in instances where the trial court fails to make a timeliness determination or support it with sufficient findings, the United States Fifth Circuit Court of Appeals has explained a de novo standard applies:
 

 If a court denies a motion to intervene because it was untimely, we generally review this decision, and only this decision, for an abuse of discretion. To be entitled to the deferential standard of review, however, a court must articulate the reason the motion was untimely.
 
 If the court fails to articulate the reason the motion to intervene was untimely, we review the timeliness element de novo.
 
 It appears that a court fails to articulate a reason a motion to intervene is untimely if it does not expressly reference any of the four factors used to decide a motion to intervene’s timeliness.
 

 Glickman,
 
 256 F.3d at 376 (emphasis added and internal citations omitted).
 

 ¶ 10. Because the chancellor made no express finding on any of the timeliness factors but instead rested her decision on another ground, we find a de novo standard applies to our review of the timeliness of Vasser Sr.’s motion to intervene.
 

 DISCUSSION
 

 ¶ 11. Because the denial of a motion to intervene is a final, appealable order, we have jurisdiction over this matter.
 
 See Guaranty Nat’l Ins. Co. v. Pittman,
 
 501 So.2d 377, 380 (Miss.1987).
 

 
 *385
 
 ¶ 12. Before addressing the primary issue, we first mention that Vasser Sr. has not raised the chancellor’s decision to strike his pleadings as an issue on appeal. This issue, therefore, is procedurally barred.
 
 A.B. ex rel. C.D. v. Stone County Sch. Dist.,
 
 14 So.3d 794, 797 n. 1 (Miss.Ct.App.2009). Still we note the chancellor acted properly in striking the pleadings. The entire purpose of the intervention rules would be defeated if a party could simply join a lawsuit by misleading the court by filing pleadings under another’s name.
 

 ¶ 13. The sole issue remaining is the chancellor’s denial of Vasser Sr.’s motion to intervene as of right under Rule 24(a)(2).
 
 [3]
 
 The following four prerequisites are required for intervention to be proper under this rule:
 

 (1) The would be intervenor must make a timely application;
 

 (2) He must have an interest in the subject matter of the action;
 

 (3) He must be so situated that disposition of the action may “as a practical matter” impair or impede his ability to protect his interest; and
 

 (4) His interests must not already be adequately represented by the existing parties.
 

 Perry County v. Ferguson,
 
 618 So.2d 1270, 1271 (Miss.1993). Because we find Vasser Sr.’s application untimely, we need only discuss the first element.
 

 ¶ 14. Observing that Mississippi’s Rule 24 and its federal counterpart are virtually identical, our supreme court has adopted the four-factor test employed by the Fifth Circuit in assessing the timeliness of a motion to intervene:
 

 (1) the length of time during which the would be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;
 

 (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would be interve-nor’s failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;
 

 (3) the extent of the prejudice that the would be intervenor may suffer if his petition for leave to intervene is denied; and
 

 (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.
 

 Pittman,
 
 501 So.2d at 381-82 (citing
 
 Stallworth,
 
 558 F.2d at 264-66);
 
 see also In re Hood,
 
 958 So.2d at 806 (¶ 57), n. 16. Likelihood of success on the merits is not a factor in determining whether a motion to intervene is timely, though “the complaint in intervention should state a claim upon which relief may be granted.”
 
 Pittman,
 
 501 So.2d at 382.
 

 ¶ 15. “ ‘Timeliness’ is not a word of exactitude or of precisely measurable dimensions.”
 
 McDonald v. E.J. Lavino Co.,
 
 430 F.2d 1065, 1074 (5th Cir.1970). Thus, whether a motion to intervene is timely “is not limited to chronological considerations, but is to be determined from all the circumstances.”
 
 In re Hood,
 
 958
 
 *386
 
 So.2d at 806 (¶ 57) (quotation marks omitted).
 

 (1) Length of Time
 

 ¶ 16. Vasser Sr. knew of his interest in this action well before he moved to intervene. After process was issued, Vas-ser Sr., on July 21, 2008, filed a notice of entry of appearance and a motion for additional time to answer. Vasser Sr. made both filings under his son’s name. He answered over a month later, again under his son’s name. Even after his misrepresentation was discovered during his October 22, 2008, deposition, he waited until December 1, 2008, to file his motion to intervene. Vasser Sr. had known of his interest in the litigation since at least July 21, yet he chose to proceed for months under a false identity before finally requesting to intervene. We find these facts as they relate to timeliness support the denial of his request for leave to intervene.
 

 (¾)
 
 Prejudice to Bibleway
 

 ¶ 17. Prejudice to existing parties is ordinarily determined based on the delay “in the prosecution of claims or defenses in the pending action.”
 
 Pittman,
 
 501 So.2d at 382. The only prejudice relevant under this factor is that caused by the potential intervenor’s failure to act promptly.
 
 In re Hood,
 
 958 So.2d at 807 (¶ 60). The appellate court “cannot take into account any and all prejudice that the existing parties are likely to incur if intervention is permitted.’’
 
 Id.
 
 “[Prejudice is measured at the time the motion to intervene [was] filed.”
 
 Id.
 
 (citing
 
 Pittman,
 
 501 So.2d at 382). “[T]he most important consideration in deciding whether a motion ... is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case.” 7C Wright, Miller & Kane, § 1916, at 541-48.
 
 See also McDonald,
 
 430 F.2d at 1073 (“[T]his may well be the only significant consideration when the proposed intervenor seeks intervention of right.”).
 

 ¶ 18. Vasser Sr. is correct that he moved to intervene before any final ruling had been made. But this does not diminish the fact that Bibleway suffered prejudice. Indeed, Vasser Sr.’s misrepresentation delayed Bibleway’s efforts in its attempt to confirm title to the land.
 

 ¶ 19. Bibleway’s arguments against Vasser Sr. obviously differ from its claims against Vasser Jr. Bibleway specifically contends Vasser Jr.
 
 no longer
 
 owned the property. Bibleway argues Vasser Jr. failed to pay taxes on the property; Robertson purchased it at a tax sale; then Bibleway purchased the property from Robertson. In contrast, Bibleway’s claim against Vasser Sr., if he was permitted to intervene, would likely focus on its assertion that he
 
 never
 
 owned the property and is not in the chain of title. Bibleway contends Vasser Sr. purchased the property for his son and titled it in his son’s name. Further, Bibleway alleges Vasser Sr. borrowed money against the property without owning it.
 

 ¶ 20. Because Bibleway was for months unable to assert these claims against Vas-ser Sr., and now would be required to litigate these issues, we find delay in seeking intervention has and would prejudice Bibleway.
 

 (3) Prejudice to Vasser Sr.
 

 ¶ 21. Prejudice under this factor is likewise determined from the time the motion to intervene is made.
 
 Pittman,
 
 501 So.2d at 382-83.
 

 ¶ 22. We first note that Vasser Sr. does not even contend he actually owns the land. In fact, in his appellate brief, he points to the undisputed facts that the property was titled in his son’s name and
 
 *387
 
 that he bought the property as a gift for his son. While he claims to have paid taxes on the property, he does not deny discontinuing paying them in 2002, after which the property was sold at a tax sale. He does raise his alleged inability to protect his interests regarding his loan with Citifinancial, which apparently relates to money he borrowed against the property. Yet we are still unsure of the exact nature of the dispute between Citifinancial and Vasser Sr. Furthermore, he has failed to articulate any other specific grounds on which he would be entitled to relief.
 
 See id.
 
 at 382.
 

 ¶ 23. It is Vasser Sr.’s burden to show that his motion to intervene was timely, which includes the consideration of prejudice he has suffered. 59 Am.Jur.2d
 
 Parties
 
 § 233 (2002) (“The intervenor bears the burden to show a justiciable interest ... in the lawsuit, and to establish a reason for delay, where timeliness of the application is in issue.”). From our review, we find Vasser Sr. may suffer prejudice as a result of not being allowed to intervene, but not enough to overcome the other prevailing considerations.
 

 (b) Unusual Circumstances
 

 ¶ 24. We are no doubt confronted with an unusual set of circumstances. Vasser Sr. made multiple false filings in his son’s name. Only upon the discovery of his true identity did he “fess up” and move to intervene. Vasser Sr. now attempts to join this litigation by making an end run around the chancellor’s grant of Bibleway’s motion to strike. We find his fraud perpetrated on the court weighs heavily against granting Vasser Sr.’s motion to intervene.
 

 ¶ 25. We also note that the “clean-hands” doctrine may have application here. “It is one of the oldest and most well known maxims that one seeking relief in equity must come with clean hands or face refusal by the court to aid in securing any right or granting any remedy.”
 
 R.K. v. J.K.,
 
 946 So.2d 764, 774 (¶ 24) (Miss.2007). Our supreme court has held that “[t]he maxim should be applied by the court sua sponte where it is shown to be applicable.”
 
 Brennan v. Brennan,
 
 605 So.2d 749, 752 (Miss.1992). Although there is no Mississippi case applying the “clean-hands” doctrine to a motion to intervene, the doctrine has broad application and has been found to apply on numerous occasions by our courts where the party seeking relief has engaged in fraudulent conduct.
 
 See Collins v. Collins,
 
 625 So.2d 786, 789 (Miss.1993);
 
 Cain v. Thomas,
 
 373 So.2d 812, 814 (Miss.1979);
 
 Willenbrock v. Brown,
 
 239 So.2d 922, 925 (Miss.1970);
 
 Ellzey v. James,
 
 970 So.2d 193, 196 (¶ 14) (Miss.Ct.App.2007);
 
 see also Goodwin Motor Corp. v. Mercedes-Benz of N. Am., Inc.,
 
 172 N.J.Super. 263, 411 A.2d 1144, 1148 (1980) (applying the clean-hands doctrine to bar corporation from intervening where principals of corporation deliberately misled court from initial stages of litigation). We find Vasser Sr.’s conduct weighs against him in the chancellor’s denial of his motion to intervene.
 

 CONCLUSION
 

 ¶ 26. Based upon our application of the timeliness factors, we conclude Vasser Sr. was not entitled to intervene as a matter of right. Not only was Bibleway prejudiced by Vasser Sr.’s misrepresentations and the delay in moving to intervene, we find the unusual circumstances here involving dishonesty with the court significantly outweigh any prejudice to Vasser Sr. by the denial of the motion. We therefore affirm the chancellor’s judgment.
 

 ¶ 27. THE JUDGMENT OF THE CHICKASAW COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS
 
 *388
 
 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . Vasser Jr. eventually answered on April 6, 2009.
 

 [2]
 

 . The chancellor did not grant an extension of time.
 

 [3]
 

 . Rule 24(a)(2) provides that "[u]pon timely application,” a party must be allowed to intervene:
 

 when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 

 M.R.C.P. 24(a)(2).